UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN N. HALL, et al.,           ) | 1:06-cv-00123-AWI-SMS |
|                                  ) | |
|           Plaintiffs,            ) | ORDER GRANTING DEFENDANT'S MOTION |
|     v.                           ) | FOR LEAVE TO FILE A THIRD-PARTY |
|                                  ) | COMPLAINT (DOC. 20) |
| NORTH AMERICAN INDUSTRIAL        ) | |
| SERVICES, INC., et al.,          ) | ORDER DIRECTING DEFENDANT NORTH |
|                                  ) | AMERICAN INDUSTRIAL SERVICES, INC. |
|           Defendants.            ) | TO FILE THIRD PARTY COMPLAINT NO |
|                                  ) | LATER THAN TEN DAYS AFTER THE DATE |
|                                  ) | OF SERVICE OF THIS ORDER AND TO |
|                                    | PROCEED TO SERVE THE COMPLAINT |
|                                    | FORTHWITH |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c) and 72-303.

Pending before the Court is the motion of Defendant North American Industrial Services, Inc., for leave to file a third-party complaint.

I. <u>Background</u>

On February 3, 2006, Plaintiffs Brian N. Hall and Jean M. Hall, husband and wife, filed an unverified complaint naming North American Industrial Services, Inc., and North American Services Group as well as "Doe" defendants, alleging jurisdiction

1

1  based on diversity of citizenship and seeking damages for severe
2  burns suffered by Plaintiff Brian N. Hall on or about September
3  20, 2005, on the premises of the AES-Mendota bio-mass power
4  production plant located in Mendota, California, as a result of
5  Defendants' being engaged in explosive de-slagging involving the
6  use and detonation of explosives and having caused a
7  conflagration which engulged Plaintiff's person. Plaintiff Jean
8  M. Hall sues for loss of consortium and other harm derived from
9  her husband's injuries. The claims stated include 1) strict
10 liability-ultra-hazardous activity; 2) negligence in the use of
11 explosives and control of the premises; and 3) loss of
12 consortium.
13      On March 27, 2006, Defendant North American Industrial
14 Services, Inc. (NAIS) (sued as North American Industrial
15 Services, Inc., and North American Services Group) filed an
16 unverified answer, admitting the allegations of jurisdiction,
17 that it was a New York corporation, and that North American
18 Services Group is a "dba" under which Defendant NAIS operates.
19 Defendant alleged that <u>it had been retained by Mendota Bio-Mass
20 Power, Limited</u> to do the explosive de-slagging, but it denied the
21 other allegations of the complaint. Defendant asserted various
22 affirmative defenses, including the failure to state a claim;
23 comparative fault; that Plaintiff Brian N. Hall was employed by
24 Mendota Bio-Mass Power, Limited (MBMP), was acting within the
25 course and scope of employment at the time of the injury, had
26 received Worker's Compensation benefits from the carrier for
27 MBMP, had been negligent himself and thus the amount paid in
28 benefits should reduce any recovery against Defedants; that any

2

1 NAIS employees on the MBMP premises at the time of the accident
2 were there at the request of Plaintiff's employer and were
3 performing under the direct supervision of and as special
4 employees of MBMP and co-employees of Plaintiff, and thus any
5 tort recovery would be barred by the exclusivity provisions of
6 the California Worker's Compensation laws.
7     Designation of expert witnesses is due by January 15, 2007,
8 but a stipulation has been submitted extending the deadline to
9 January 31, 2007; expert depositions are due by March 16, 2007;
10 nonexpert discovery is due by January 31, 2007; expert discovery
11 is due by March 16, 2007. Non-dispositive motions are due by
12 March 23, and dispositive motions by April 6, 2007.
13     On December 11, 2006, Defendant NAIS filed a motion for
14 leave to file a third-party complaint against AES-MENDOTA, L.P.,
15 AES CORPORATION, and MENDOTA BIOMASS POWER, Ltd.(MBMP) for claims
16 for indemnity, declaratory relief, and negligence arising out of
17 its assumption of risk resulting from the aftermath of the
18 blasting conducted by Defendant NAIS at the AES-MENDOTA plant,
19 its express statement that it was fully prepared to handle any
20 and all fires resulting from the blasting, its failure to
21 safeguard its persons in the vicinity from the inherent dangers,
22 and maintaining dangerous premises to dispose of slag which
23 becomes dislodged during the blasting process. A memorandum of
24 points and authorities, declaration of Lowell T. Carruth with the
25 proposed third party complaint attached, and proposed order were
26 filed with the motion.
27     Plaintiffs filed opposition including a memorandum,
28 declaration of William J. Seiler, and attachments, on December

3

22, 2006. Proposed third party defendants filed opposition, including a declaration of the AES Mendota L.P. plant manager, Don Vawter, on December 22, 2006. Defendant NAIS filed a reply and supplemental declaration of Carruth on January 4, 2007.

II. <u>Analysis</u>

Fed. R. Civ. P. 14 provides:

> At any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

Impleader is designed to bring in a third party who is or may be liable to the impleading party for all or part of the plaintiff's claim against the impleading party. The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the original claim against the impleading party. It is a matter within the sound discretion of the Court. <u>Southwest Administrators, Inc. v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986). In determining whether to permit impleader, a court must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case; factors to be considered include 1) prejudice to the original plaintiff; 2) complication of issues at trial; 3)

4

1 likelihood of trial delay; and 4) timeliness of the motion to
2 implead. <u>Irwin v. Mascott</u>, 94 F.Supp.2d 1052, 1056 (N.D.Cal.
3 2000).

4     Impleader is available to a plaintiff where a counterclaim
5 has been filed against the plaintiff and where the person or
6 entity to be joined is or may be liable to the plaintiff on
7 account of the counterclaim. Fed. R. Civ. P. 14 (a), (b); see
8 <u>Atchison, Topeka & Santa Fe Railway Co. v. Hercules, Inc.</u>, 146
9 F.3d 1071, 1074 (9th Cir. 1998). It is not enough for the original
10 and third-party plaintiff's claims merely to arise from the same
11 transaction or set or facts as the original claim; for impleader
12 to be permitted under Rule 14, the third-party plaintiff's claim
13 must be dependent upon the outcome of the main claim. <u>Stewart v.
14 American International Oil & Gas Co.</u>, 845 F.2d 196, 199-200 (9th
15 Cir. 1988). Thus, the third-party defendant must in some way be
16 dependent upon the outcome of the main claim and be secondary or
17 derivative thereto such that the third-party plaintiff is
18 attempting to transfer to the third-party defendant the liability
19 asserted against it by the original plaintiff.

20     Here, Defendant NAIS is trying to transfer some or all of
21 the liability to proposed third-party defendants MBMP, the owner
22 of the property in which the accident occurred; to AES MENDOTA,
23 LP, the alleged manager of the site, entity which hired Defendant
24 NAIS to engage in the blasting, entity which allegedly expressly
25 assumed the obligation to prevent and control fires in connection
26 with the blasting job, and entity whose own alleged negligent
27 conduct in failing to control the post-blating fires caused
28 Plaintiff Brian's injuries; and to AES Corporation, alleged to be

5

the parent company and alter ego of AES-MENDOTA LP as well as the owner of the power plant. (Prop. Complt. pp. 2-3.) NAIS is alleging that if there was liability on the part of Defendant NAIS to Plaintiffs Hall, then the proposed third-party defendants are liable for some of the harm, or must defend or indemnify NAIS. The claims sought to be interposed against the third-party defendants are such that the third-party defendants may be liable to the third-party plaintiff for all or part of the plaintiff's claim within the meaning of Rule 14.

    Plaintiffs and proposed third-party defendants argue that at the time of the accident, Plaintiff was acting in the course and scope of his employment and was employed by AES Mendota, L.P., not by Thermendota, Inc., as is alleged in the proposed third-party complaint. California law provides, as Plaintiffs assert, that if an action is prosecuted by an employee, employer, or both against a third person and results in a judgment or settlement against the third person, the employer has no liability to reimburse or hold the third person harmless on such judgment or settlement in absence of a written agreement to do so executed prior to the injury. Cal. Lab. Code § 3864. It also bars a suit by an employee against its employer for civil damages arising out of an injury sustained within the course and scope of employment. Cal. Lab. Code § 3600.

    Here, the evidence submitted by the parties is conflicting with respect to the identity of the precise entity that employed Plaintiff Brian Hall at the time of the accident; the evidence warrants conflicting inferences that he was employed by Thermendota, Inc., or AES Mendota L.P. Further, although it

6

1  appears that there might be overlapping ownership of the several
2  entities involved, there is no developed evidence concerning the
3  manner in which the entities were controlled or operated. It
4  would be premature to base a denial of Defendant's motion on
5  matters that are the subject of a factual dispute. Further,
6  because of the uncertainty, Defendant's failure to provide
7  evidence of a written indemnity agreement between NAIS and any of
8  the proposed third-party defendants does not warrant denial of
9  the motion.

10       Plaintiffs argue that even if it could be proved that
11 Plaintiff Brian Hall was an employee of either Thermendota, Inc.
12 or AES Mendota, L.P, and further that AES Corporation owned the
13 plant separate from the property on which it was located, a
14 property owner cannot be held liable to the employee of a
15 contractor injured on the property. Plaintiffs cite <u>Kinsman v.
16 Unocal Corp</u>., 37 Cal.4th 659 (2005), which includes the general
17 principle of law urged by Plaintiffs, but which also provides
18 that a landowner that hires an independent contractor may be
19 liable to the contractor's injured employee even if the landowner
20 does not retain control over the work if the landowner knew or
21 should have known of a latent or concealed preexisting hazardous
22 condition on its property, the contractor did not know and could
23 not have reasonably discovered the condition, and the landowner
24 failed to warn the contractor about the condition. <u>Id.</u> at 674.
25 The proposed third-party complaint alleges that AES failed to
26 take proper measures to prevent fires that resulted from the
27 blast and maintained a defective and dangerous condition on its
28 property. The respective stores of knowledge of the parties and

7

the failure to warn by the landowner are not alleged, but the dangerous condition, coupled with the assertion that fire prevention and suppression was AES-Mendota's responsibility, bring the allegations within the universe of the exception to the general rule. Further, it should be noted that under California law, under some circumstances there is a theory of liability of a property owner to a contractor's employee based on a theory of direct negligence, such as the landowner's or hirer's negligent exercise of retained control over safety conditions at the work site, Hooker v. Department of Transportation, 27 Cal.4th 198, 213 (2002), or negligent provision of unsafe equipment, McKown v. Wal-Mart Stores, Inc., 27 Cal.4th 219 (2002).

Accordingly, the claims sought to be set forth cannot at this juncture be determined to be inappropriate or such that no liability could be predicated upon them.

The Court has reviewed the docket in addition to the submissions of the parties and concludes that the motion appears to have been timely filed. Further, granting Defendant's motion will not prejudice Plaintiffs; any delay will be very short; the issues will not be complicated; and a speedy, efficient, and just resolution of the entire dispute will be facilitated by the granting of the motion.

Accordingly, it IS ORDERED that

1) The motion of Defendant North American Industrial Services, Inc. for leave to file a third-party complaint IS GRANTED; and

2) Defendant North American Industrial Services, Inc. shall file the proposed third party complaint as a third party

8

complaint no later than ten days after the date of service of this order, and shall thereafter proceed to serve the complaint forthwith.

IT IS SO ORDERED.

**Dated:     January 10, 2007                        /s/ Sandra M. Snyder**
icido3                                                           UNITED STATES MAGISTRATE JUDGE