**GIBBS, GIDEN, LOCHER & TURNER LLP**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| BRIAN N. HALL; JEAN M. HALL,<br><br>  Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN INDUSTRIAL SERVICES, INC.; NORTH AMERICAN SERVICES GROUP; DOE 1 THROUGH DOE 100,<br><br>  Defendants. | CASE NO.  1:06-CV-00123-A WI-SMS<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE: PRODUCTION OF DOCUMENTS BY NON-PARTY FOSTER WHEELER CONSTRUCTORS, INC., PURSUANT TO SUBPOENA;**<br><br>**PROTECTIVE ORDER**<br><br>Action Filed:    February 3, 2006<br>Trial Date:        October 30, 2007 |
| AND RELATED COUNTER-ACTIONS | |

Subject to the approval of the Court, Plaintiffs BRIAN N. HALL and JEAN M. HALL ("Plaintiffs") and Defendants NORTH AMERICAN INDUSTRIAL SERVICES, INC., NORTH AMERICAN SERVICES GROUP (collectively "NORTH AMERICAN"), AES MENDOTA L.P. and THE AES CORPORATION (collectively "AES") (collectively "Defendants"), along with FOSTER WHEELER CONSTRUCTORS, INC. ("FOSTER WHEELER") through their respective attorneys of record, hereby stipulate to the entry of this Stipulation and Protective Order ("Order") which shall govern the production, exchange, disclosure and subsequent handling of Discovery Materials, as hereinafter defined, produced by FOSTER WHEELER. Hereinafter, the terms "Parties" or "Party" as used herein shall

PDF created with pdfFactory trial version www.pdffactory.com

refer only to Plaintiffs, Defendants and any other persons who become signatories to this Order by executing the attached sheet reflecting their agreement to comply with the terms and conditions hereof.

The term "Discovery Materials," as used herein, shall mean documents, writings, graphic matter and all other objects or things which NORTH AMERICAN has requested be produced by FOSTER WHEELER pursuant to the Subpoena dated March 30, 2007 and the Notice of Deposition of Foster Wheeler Constructors, Inc. of the same date, both of which were served on or about April 5, 2007.

FOSTER WHEELER has advised each of the Parties that its responses to the Subpoena will require production of documents of a confidential or proprietary nature as to justify restrictions on their disclosure or use ("Confidential Materials"), that other Discovery Materials to be produced by FOSTER WHEELER are not of such nature, and that the effort required to review the Discovery Materials and identify and designate all of the Confidential Materials therein would be burdensome, expensive, and unduly time-consuming.

To provide FOSTER WHEELER reasonable protection against improper use or disclosure of Confidential Materials and to permit FOSTER WHEELER to avoid the burden, expense and delay which would be incurred by any effort to designate specific Confidential Materials, the Parties have agreed to the entry of this Order which designates all of FOSTER WHEELER's Discovery Materials as "Confidential-Subject to Protective Order."

Accordingly, it is hereby stipulated and ordered that:

1. All of the Discovery Materials produced by FOSTER WHEELER are designated "Confidential-Subject to Protective Order," and items so designated ("Designated Materials") shall be subject to the restrictions on use and disclosure provided for herein.

2. Designated Materials shall not be disclosed other than to the Court or those persons defined in subparagraphs (a) through (d) below ("Qualified Persons"). Except as otherwise provided below, Designated Materials may be disclosed to Qualified Persons only upon their agreement to be bound by the provisions of this Order, which agreement shall be signified by their execution of a copy of this Order in the place provided at the end of this

PDF created with pdfFactory trial version www.pdffactory.com

Order. Qualified Persons are:

(a) Counsel of record of the Parties and members and employees of the law firms actively assisting in the conduct of this action, including court reporters and employees of any firm retained to reproduce Discovery Materials for use in accordance with this order;

(b) Experts or consultants retained by counsel or a Party to assist in this litigation who have signified their agreement to be bound by the provisions of this Order by signing a copy of it as provided herein. Such experts and consultants shall not retain copies of any Designated Materials beyond the time necessary for their use in this litigation and shall not reveal or discuss any Designated Materials to or with any person who is not a Qualified Person as defined herein;

(c) Those in-house counsel, officers, directors, or employees of the Parties and any related entities whose assistance is deemed necessary by counsel of record for the prosecution or defense of this action who have signified their agreement to be bound by the provisions of this Order by signing a copy of it as provided herein.  Such in-house counsel, officers, directors or employees shall not retain copies of any Designated Materials beyond the time necessary for their use in this litigation and shall not reveal or discuss any Designated Materials to or with any person who is not a Qualified Person as defined herein; and

(d) Persons to whom the Parties may legally be required to disclose Designated Materials and third-party witnesses to whom disclosure is deemed necessary by counsel to prosecute or defend this litigation.  Prior to disclosing any Designated Materials to any such person, counsel shall ask such person to sign and agree to be bound by this Order. If that person declines to sign the Order, counsel shall inform such person of the substance of this Order and advise such person that violation of this Order may be punishable as contempt of court.

3. The original copies of Orders signed by Qualified Persons shall be retained by the law firm representing the Party whose counsel or representatives have requested same.

4. In the event any Party or FOSTER WHEELER believes there has been a

willful violation of this Order, it may, on notice, move to compel enforcement or for such other relief it believes appropriate in the circumstances. The moving Party shall bear the burden of proving a willful violation of this Order. Upon such a motion, the moving Party may request that the Court order production for its review in camera of any copy of this Order signed by any person who is alleged to have violated the Order.

5. Depositions or portions thereof containing or referring to Designated Materials shall be taken only in the presence of Qualified Persons and the court reporter. If not a Qualified Person, the deponent shall be asked by counsel for the Party taking the deposition to sign a copy of the Order thereby agreeing to be bound by its terms. If the deponent declines, counsel for the Party taking the deposition shall so state on the record, shall inform the deponent of the substance of this Order and advise the deponent that a violation of this Order may be punishable as contempt of court.

6. The Parties acknowledge that the restrictions on disclosure provided for herein impose a burden on all persons required to comply with the provisions of this Order. Further, the Parties agree that any disclosure and/or use of the Designated Materials in a manner not expressly authorized herein shall result in great or irreparable injury to FOSTER WHEELER; and, in the event of such unauthorized disclosure and/or use, FOSTER WHEELER may seek injunctive relief in order to restrain the commission or continuance of such unauthorized act. The foregoing remedy shall not limit the Court from exercising its power to issue any appropriate contempt order or other sanction against a Party who should violate the terms of this Protective Order.

7. In the event a party files or lodges with the Court any document containing Designated Materials, FOSTER WHEELER shall be promptly notified of said filing and shall be permitted to file with the Court a request that such Designated Materials be placed under seal by the Clerk of the Court. Such request shall be deemed to have been filed by all Parties, without necessity of a motion to the Court or a signed stipulation of the Parties, and without prior notice to any other Party of the filing of such request. Any such request shall make reference to this paragraph of the Protective Order as the basis of the request. Upon

GIBBS, GIDEN, LOCHER & TURNER LLP

PDF created with pdfFactory trial version www.pdffactory.com

receipt of such request, the Clerk of the Court shall forthwith place the Designated Materials under seal and such materials shall not be part of the public record.  Any Party may at any time move, upon noticed motion and service upon FOSTER WHEELER, the Court for an Order directing that documents be unsealed or treated in a manner other than as provided by this Order.

8.  Nothing herein shall limit the use or disclosure by a Party of material obtained by it independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosure of any of its own Designated Materials. Materials so disclosed shall not be further subject to the provisions of this Order, but such voluntary disclosure shall not waive or otherwise impair the effectiveness of this Order as to any other Designated Materials.

9.  In the event that any Designated Materials are used in any court proceeding in this action, they shall not lose their designation or protected status through such use, and the Party using same shall comply with this Order in all respects during and after any such use.

10.  Any Designated Materials may be offered into evidence in the trial of the action, subject to the rules of evidence, the protections against disclosure contained in this Order and any further order of the Court.

11.  Within thirty (30) days after the termination of this litigation (e.g., by entry of a final judgment or issuance of a remittitur following appeal therefrom, or a Stipulation or Order of Dismissal of this action), all Designated Materials, all copies thereof, and any notes or other transcriptions made therefrom except attorney work-product, shall to the extent feasible, be returned to counsel for FOSTER WHEELER.  If the litigation should be terminated as to any Party, that Party shall, within thirty (30) days of its termination, return all Designated Materials in its possession to FOSTER WHEELER.  In such case, the Producing Party will be responsible for shipping expenses, together with any costs or fees associated with the compilation and preparation of those documents for shipment.  In lieu of the return of Designated Materials, FOSTER WHEELER may authorize their destruction or continued maintenance in accordance with this Order.  Whether the Designated Materials are

1  maintained or destroyed shall be at the option of the Party in possession of the Designated
2  Materials and the cost of destruction (including any costs or fees associated with the
3  compilation and preparation of those documents for destruction) or maintenance shall be
4  borne by the Party in possession of the Designated Materials.  Except as otherwise provided,
5  all Parties to this Protective Order shall, at the conclusion of this litigation, certify under oath
6  and in writing to FOSTER WHEELER that such party has returned all of the Designated
7  Materials in said party's possession, or otherwise destroyed such Designated Materials, and
8  that such party has not disclosed the Designated Materials or anything contained therein to
9  any person who is not a Qualified Person or is not otherwise a signatory hereto.  As to
10 attorney work-product relating to the Designated Materials, counsel preparing such
11 work-product may certify either: (1) that it has been destroyed; or (2) that it will continue to
12 be maintained in accordance with this Order.  In any event, the obligations set forth in this
13 Order regarding the non-disclosure of Designated Materials to non-Qualified Persons shall
14 be ongoing and shall survive the termination of this action and the Court shall retain
15 jurisdiction over the Parties for enforcement of the provisions of this Protective Order..

16        12.   This Order shall survive the final termination of this action and the Court shall
17 retain jurisdiction to resolve any dispute concerning the use of Confidential Materials
18 produced by FOSTER WHEELER..

19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 /                                             /                                                                  /
28 / / /

GIBBS, GIDEN, LOCHER & TURNER LLP

PDF created with pdfFactory trial version www.pdffactory.com

13. This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, and all of which shall together constitute but one and the same instrument.

SO STIPULATED:

DATED: May 11, 2007            By: ___/s/ William Seiler for Richard C. Watters
                               RICHARD C. WATTERS, ESQ.
                               MILES, SEARS & EANNI
                               Counsel for Plaintiffs
                               BRIAN N. HALL and JEAN M. HALL

DATED: May 14, 2007            By: _____/s/ Lowell T,. Carruth
                               LOWELL T. CARRUTH, ESQ.
                               MCCORMICK, BARSTOW, SHEPPARD,
                               WAYTE & CARRUTH LLP
                               Co-Counsel for Defendants
                               NORTH AMERICAN INDUSTRIAL SERVICES,
                               INC. and NORTH AMERICAN SERVICES
                               GROUP

DATED: May 22, 2007            By: _____/s/ Donald W. Boyajian
                               DONALD W. BOYAJIAN, ESQ.
                               DREYER BOYAJIAN LLP
                               Co-Counsel for Defendant
                               NORTH AMERICAN INDUSTRIAL SERVICES,
                               INC. and NORTH AMERICAN SERVICES
                               GROUP

DATED: May 10, 2007            By: _____/s/ Dana A. Fox
                               DANA A. FOX, ESQ.
                               LEAH BOLEA, ESQ.
                               LYNBERG & WATKINS LLP
                               Co-Counsel for Defendant
                               NORTH AMERICAN INDUSTRIAL SERVICES,
                               INC. and NORTH AMERICAN SERVICES
                               GROUP

DATED: May 9, 2007             By: _____/s/ Christopher Nevin
                               CHRISTOPHER NEVIN, ESQ.
                               LEWIS BRISBOIS, BISGAARD & SMITH
                               Counsel for Defendants
                               AES MENDOTA L.P. and THE AES
                               CORPORATION

GIBBS, GIDEN, LOCHER & TURNER LLP

PDF created with pdfFactory trial version www.pdffactory.com

APPROVED AS TO FORM AND CONTENT.

DATED: May 9, 2007           By: ____/s/  John F. Heuer
                                  JOHN F. HEUER, JR.
                                  GIBBS, GIDEN, LOCHER & TURNER LLP
                                  Counsel for Non-Party
                                  FOSTER WHEELER CONSTRUCTORS, INC.


APPROVED AND SO ORDERED:

DATED:  5/24/2007            By:  /s/ Sandra M. Snyder
                                  SANDRA M. SNYDER
                                  U.S. MAGISTRATE JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

1  The undersigned has read and hereby agrees to comply with and be bound by all of the terms
2  and provision of the foregoing Stipulation and Order.

3  _____        _____        _____
              Signature                                              Name (Print)                                          Date
4
5
     _____        _____        _____
6              Signature                                              Name (Print)                                          Date
7
8  _____        _____        _____
              Signature                                              Name (Print)                                          Date
9
10
     _____        _____        _____
11             Signature                                              Name (Print)                                          Date

**GIBBS, GIDEN, LOCHER & TURNER LLP**

PDF created with pdfFactory trial version www.pdffactory.com