1

2

3

4

5

6                UNITED STATES DISTRICT COURT

7                EASTERN DISTRICT OF CALIFORNIA

8

9  BRIAN N. HALL and JEAN M. HALL, )      1:06-cv-0123 OWW SMS
                                   )
10              Plaintiffs,        )      PRETRIAL ORDER
                                   )
11      v.                         )      Motion in Limine Date:
                                   )      10/19/07 12:00 Ctrm. 3
12  NORTH AMERICAN INDUSTRIAL      )
    SERVICES, INC.; NORTH AMERICAN )      Trial Date: 10/30/07 9:00
13  SERVICES GROUP;                )      Ctrm. 3 (JT-16 days)
                                   )
14              Defendants.        )
    ───────────────────────────────)
15                                 )
    AND RELATED COUNTER-ACTIONS.   )
16  ───────────────────────────────)

17

18              I.   JURISDICTION AND VENUE

19      1.   This action arises under Title 28, United States

20  Code, Section 2671 et seq.   The United States District Court has

21  jurisdiction under 28 U.S.C. Sections 1346 and 1367.

22      2.   Venue, in the United States District Court, Eastern

23  District of California, is appropriate under 28 U.S.C. § 1402(b),

24  in that the actions alleged and the incident at issue occurred in

25  Fresno County.

26              II.   JURY/NON-JURY

27      1.   All parties have timely demanded jury trial.

28  ///

III.   FACTS

A.   Undisputed Facts

1.   Plaintiff, Brian N. Hall, sustained burn injuries on September 20, 2005, at the AES Mendota Plant.

2.   Defendant, NAIS, Inc., was hired on or about September 20, 2005, to perform a job at the Plant to deslag the cyclone area of a boiler.

3.   This matter arises out of an incident that occurred at the AES-MENDOTA plant on September 20, 2005, which resulted in the injury to Plaintiff Brian Hall.

4.   North American was hired by AES-Mendota L.P. to perform blasting on one of its cyclones which had become clogged with "slag."

B.   Disputed Facts

1.   Liability.  Whether Defendant acted or failed to act in such a manner so as to cause or contribute to the injuries and damages claimed by plaintiffs, including, but not limited to plaintiff, Brian N. Hall's alleged burn injuries.

2.   Causation.

3.   Damages.

4.   Whether defendant was engaged in any abnormally dangerous or ultra-hazardous activities at any time relevant to this action, or while working at the AES Mendota Plant on September 20, 2005.

5.   Defendant denies generally and specifically the material allegations of Plaintiffs' Complaint and asserts all affirmative defenses thereto contained in its Answer.

6.   Whether Plaintiff, Brian Hall, was employed by AES

2

Mendota, L.P. and/or The AES Corporation.

7.   Whether Thermendota, Inc., can be deemed to be Plaintiff, Brian Hall's, employer.

8.   Whether The AES Corporation owes any duty to employees of its subsidiary, AES Mendota, L.P.

9.   Third Party Defendants and Counter Claimants, The AES Corporation and AES Mendota, L.P., deny generally and specifically the material allegations of Defendant, North American Industrial Services, Inc.'s, Cross-Complaint and assert all affirmative defenses thereto contained in their Answer.

10.   Whether The AES Corporation had any control over the means, operations, and/or safety issues at AES Mendota, L.P.

11.   Biomass Power, Ltd. is no longer a viable entity.

12.   There is a dispute regarding who Plaintiff Hall's employer was at the time of the accident.

13.   North American contends that fire prevention, safety, and/or suppression after blasting was strictly within AES' control.

14.   North American contends that disposal of the loosened slag was the responsibility of the premises owner.

15.   North American contends that AES failed to take the proper measures to prevent fires that occurred after the blasting, did not properly contain said fires, and did not design or construct or configure its premises to prevent said fires resulting in the injury of Plaintiff Brian Hall.

16.   North American contends that AES agreed to assume all risk resulting from the aftermath of the blasting and expressly stated that it was fully prepared to handle any and all fires

which took place as a result of the blasting.

### IV.  DISPUTED EVIDENTIARY ISSUES

1.   Plaintiffs will ask the court to rule inadmissible the testimony of NAIS' expert witnesses Moldestad, Olsen, and Clark to the extent that their opinions regarding causation are based upon any asserted industry custom and practice by licensed blasters that conflicts with the standards of care set forth in the California Labor Code and Title 8 of the California Code of Regulations (OSHA safety orders).  Plaintiffs will also seek to ban or restrict the expert opinion of Clark that plaintiff would have sustained a specific lesser burn injury if he had not been wearing a shirt containing polyester fabric.

2.   The parties are currently unaware of any physical or demonstrative evidence or special technology that will be offered at trial and therefore cannot anticipate any sort of dispute regarding said evidence.  However, the parties anticipate bringing motions in limine concerning any identified and unresolved evidentiary issues, and reserve the right to timely file and bring such motions to the Court's attention at the time of trial.

3.   Other evidentiary issues that are disputed include any subsequent remedial measures and any post-accident conduct of North American.

### V.  SPECIAL FACTUAL INFORMATION

Personal Injury:

Additional Disputed Facts and Claims.

1.   On September 20, 2005, at the power plant owned by AES Mendota, LP and located at 400 Guillen Parkway in Mendota,

4

California, plaintiff, Brian Hall, sustained severe burn injuries.  Brian Hall claims NAIS is liable for his personal injuries, and his wife, Jean Hall, claims NAIS is liable for her loss of consortium.  The basis for these claims is that NAIS was a licensed blaster, employed by AES Mendota, L.P. to do explosive deslagging of a plugged cyclone.  In performing this operation, NAIS violated standards of care in the use and handling of explosives established by the California Labor Code and Title 8 of the California Code of Regulations and was negligent per se. NAIS was further negligent in failing to comply with its own written safety rules.  NAIS is further strictly liable for an injury occurring in the course of blasting, which constituted an ultrahazardous activity.

2.   Among other things, NAIS failed to comply with Labor Code §6710(a), requiring it to supervise and visually direct the blasting operation.  NAIS also violated multiple provisions of Title 8 as follows:

| §5237 | – | Failure to properly define and exclude unnecessary personnel from the blast area. |
| | – | Failure to define and exclude unnecessary personnel from the blast site. |
| | – | Failure to act with competence and identify existing and predictable hazards and take prompt corrective measures to eliminate them. |
| §5276(f) | – | Failure to contain flying material that might damage property or endanger employees. |
| §5276(l) | – | Permitting firefighting operations while explosive materials were in imminent danger of contact with the fire. |
| §5278(d) | – | Allowing improper personnel within the blast site. |
| §5291(b) | – | Firing a blast without definite assurance |

1       that all persons were at a safe distance or
        under sufficient cover.

2

§5291(c)  –  Failing to prevent unauthorized entry into
3            the blast area.

4   §5291(e)  –  Failure to ensure all employees were familiar
                 with blast warning signals and instructed
5                accordingly.

6   §5291(f)  –  Failure to inspect the blast area for
                 misfires and give an "all clear" signal
7                following the blast.

8   §5291(g)  –  Failure to provide warning signs indicating a
                 blast area at all approaches to the blast
9                area.

10  §5291(i)  –  Failure to prohibit employees from entering
                 the blast area until any toxic vapor/fumes,
11               dust and gases were reduced to safe limits.

12      3.   NAIS further violated its own written safety rules by

13  not meeting requirements that it:

14      a.   Follow all laws and rules applicable to the use

15  and handling of explosives.

16      b.   Operate with the appropriate crew.

17      c.   Require the use of personal protective equipment

18  needed to deal with specific hazards.

19      d.   Perform an adequate hazard analysis.

20      e.   Establish a blast area with barricades and guard

21  the area as necessary against entry by unauthorized persons.

22      f.   Properly establish and use warning signals.

23      4.   NAIS came to the plant with a crew of only three men,

24  and one was sent away before the blast.  No significant hazard

25  analysis was performed.  No significant steps were taken to

26  eliminate the hazard of a blast setting free the content of the

27  cyclone NAIS knew to be at a temperature of 1,500 or more

28  degrees.  No special personal protective equipment beyond

1    ordinary work attire was required to be worn by NAIS or AES

2    personnel.  The blast area was only partially defined, but not

3    guarded against unauthorized entry.  NAIS did not know who was

4    within the blast area, how they were authorized to be there, or

5    what their functions would be.  AES personnel within the blast

6    area were merely curious onlookers with the sole additional

7    purpose, if any, of being available to protect plant equipment if

8    necessary.  The two-member NAIS crew set off the blast through

9    the open midway door of the cyclone while AES personnel were

10   standing within the blast site.  Immediately after the blast, hot

11   slag poured out the midway door, overloaded the adjacent service

12   platform and spilled out into the open from a level approximately

13   50 feet above ground.  There were multiple fires to the plant

14   equipment.  The NAIS crew ran to a point of safety as AES

15   employees rushed in, in an unplanned effort to fight the fires

16   and stop further damage to plant property.  There were huge

17   fireballs that engulfed the entire structure.  NAIS had

18   additional explosive materials on the structure.  During a second

19   fireball, the NAIS crew abandoned their explosives as they ran

20   further away for their own safety and without regard for the

21   extreme peril to AES employees, including Brian Hall, who were

22   still fighting the fires in closer proximity to them.  NAIS never

23   attempted to stop the firefighting or take any other actions in

24   the interest of the safety of AES personnel.  NAIS did not ensure

25   that all AES personnel were familiar with blast warning signals.

26   No "all clear" signal permitting entry into the blast area was

27   ever given.  AES personnel were free to and did enter and exit

28   the blast area the entire time and at will.  At least three

people were burned, including one from NAIS and Brian Hall.

B.   Plaintiff, Brian N. Hall, date of birth: November 18, 1963; life expectancy is 35.5 additional years.

C.   Injuries Sustained: 65% catastrophic burn patient.  He was hospitalized as follows:

| Facility | Admission Date | Discharge Date |
|---|---|---|
| Universal Medical Center | September 20, 2005 | January 30, 2006 |
| Harborview Medical Center | January 30, 2006 | April 24, 2006 |
| Harborview Medical Center | May 1, 2006 | May 3, 2006 |
| The Poly Clinic | Outpatient basis from May 23, 2006– June 21, 2006 | |
| Harborview Medical Center | May 26, 2006 | May 27, 2006 |
| University Medical Center | September 5, 2006 | September 29, 2006 |
| University Medical Center | February 8, 2007 | February 12, 2007 |
| Community Regional Burn Center | April 28, 2007 | |

5.   The plaintiffs contend Mr. Hall will require hospitalizations in the future.  His treating physicians William Dominic, M.D., and Dr. Randi Galli, M.D., will testify at trial in person.  Sharon Kawai, M.D., Physical Medicine and Rehabilitation Specialist, will testify as to his Life Care Plan and his level of disability and in general as follows:

> "*Flame burn injury to 60% total body surface area with second- and third-degree burns involving the head, face, neck, chest, back, bilateral upper limbs – including both hands – and less so to bilateral lower limbs; S/P Inhalation injury; S/P multiple autograft and allograft and debridements to bilateral upper*

8

> *limbs, neck, face, torso, thighs and lower legs; S/P
> perforated colon requiring laparatomy with right
> hemicolectomy; S/P repair of leaking ilestomy; S/P
> takedown of ileostomy; S/P split-thickness skin graft
> to the face to treat contractures inhibiting eyelid
> closure; Currently suffering from neuropathic pain in
> both feet and hyperesthesia in fingertips of both
> hands; Sleep disorder; Generalized fatigue; Severe
> deformities and residual contractures along axillae and
> neck."*

6.    This gentleman has not worked since the accident and the quantification by Plaintiffs' economist Marianne Inouye of the special damages is as follows:

The medical expenses paid by Zurich in the workers compensation matter is as follows:

Amount Billed:      $2,841,045.20

Amount Paid:        $1,143,117.19

7.    Mr. Hall will seek an award of general damages for pain, suffering, grief and anxiety and Jean Hall will seek an award for loss of consortium.  The general prayer in this matter is $200,000,000.00.

8.    Defendants will object to the diagnosis by Sharon Kawai, M.D., based on the Federal Rules of Evidence.

## VI.   RELIEF SOUGHT

|  | Plaintiffs' Scenario 1: With No Bonuses | Plaintiffs' Scenario 2: With Annual Cash and LTC Bonuses |
|---|---|---|
| Past Loss of Earnings and Fringe Benefits | $173,817 | $200,913 |
| Present Value of Future Loss of Earning Capacity and Fringe Benefits | $1,418,982 | $2,065,645 |

9

| Present Value of Future Medical Care Costs | $3,679,418 | $3,679,418 |
|---|---|---|
| Subtotal Future | $5,098,400 | $5,745,063 |
| Total | $5,272,217 | $5,945,976 |

1.    Alleged General Damages: $200,000,000.00.

Relief Sought by Defendant, North

American Industrial Services, Inc.

2.    Plaintiffs are not entitled to any relief whatsoever in this action against North American.  However, in the event that North American is determined to be liable to Plaintiffs for any damages alleged in the Complaint, North American is entitled to total indemnity and contribution or, in the alternative, to partial indemnity and contribution from the Third Party Defendants.

## VII.  DISPUTED ISSUES OF LAW

1.    Negligence per se instructions will be prepared based upon the alleged code violations set forth in this section.

2.    Third Party Defendants and Counter Claimants will argue exclusive remedy provisions of California Labor Code.

3.    Third Party Defendants and Counter Claimants will argue Affirmative Defenses to Negligence, raised in their Answer.

4.    Third Party Defendants and Counter Claimants will argue that they had no duty to indemnify NAIS.

5.    Third Party Defendants and Counter Claimants will argue that they had no duty to NAIS or its employees.

6.    Third Party Defendants and Counter Claimants will

10

1    defend NAIS' claim of causation and will argue that the cause of
2    the accident was the negligence of NAIS.

3         7.   Legal status of Thermendota, Inc.

4         8.   Third Party Defendants and Counter Claimants will argue
5    no duty of The AES Corporation to employees of it subsidiary, AES
6    Mendota, L.P.

7         9.   North American submits the following points of law
8    applicable to this action.  It should be noted that the following
9    is not any exhaustive statement of the law as it applies to this
10    case and North American reserves the right to submit additional
11    law not addressed herein to the extent applicable to the claims
12    and defenses at issue in this action, or any additional claims or
13    theories raised by Plaintiffs and AES in connection with the
14    above-referenced action.

15         Law Applicable Plaintiff Brian Hall's Claim

16         for Strict Liability - Ultra Hazardous Activity.

17         10.   Under their first cause of action in their Complaint,
18    Plaintiffs allege that the work North American was engaged in was
19    "ultra hazardous."  It is a question of law for a court to
20    determine whether a case is one of strict or absolute liability;
21    that is the court must determine whether blasting occurred in the
22    vicinity of dwelling places.  *Balding v. D.B. Stutsman, Inc.*
23    (1966) 246 Cal.App.2d 559.

24         11.   Blasting in remote places, where there is little danger
25    of injury is not considered a nuisance per se and is actionable
26    only when negligence (or tortious) intent is alleged and proved.
27    *Ibid*; *Balding v. Stutsman, Inc.*, (1966) 246 Cal.App.2d 559.

28         12.   When blasting is conducted in an isolated area, one

1  engaged in it is not automatically subject to the doctrine of

2  strict liability.  *Houghton v. Loma Preta Lumber Co.*, (1970) 152

3  Cal. 500, 505.

4       13.  Blasting in <u>populated</u> surrounds, in the vicinity of

5  dwelling places, or places of business is considered an ultra

6  hazardous activity for the miscarriage of which the actor is held

7  strictly liable in damages regardless of the degree of care with

8  which the blasting is performed.  *Alonso v. Hills*, (1950) 95

9  Cal.App.2d 778, 783; *Balding v. D.B. Stutsmen, Inc.* (1966) 246

10 Cal.App.2d 559, 564 [emphasis added].)  Where death is caused by

11 the voluntary explosion of a blast by a dredging company in a

12 <u>thickly settled portion</u> of the city, no degree of care and skill

13 in exploding the blast, not even the highest and utmost care of

14 skill employed by skillful and experienced men, will excuse the

15 company from responsibility where death was caused by the

16 explosion.  *Munro v. Pacific Coast Dredging* (1980) 84 Cal. 515

17 [emphasis added].)

18      14.  Blasting, without reference to the particular locality

19 in which it is carried on, is not intrinsically dangerous as to

20 be ipso facto a nuisance so that the blaster would be liable for

21 injury caused by it whether or not he was guilty of any

22 negligence in the manner in which the blasting was done, but that

23 the question of his liability would depend upon whether or not he

24 was guilty of any negligence.  *Houghton, supra*, 152 Cal. at page

25 505.

26      15.  Here, the location where the blasting occurred was

27 either remote or isolated and therefore it cannot be said that

28 North American was participating in an ultra hazardous activity.

1    16.   In addition, an activity is ultra-hazardous if it
2  necessarily involves a risk of serious harm to the person, land
3  or chattels of others which cannot be eliminated by the exercise
4  of the utmost care.  *Luthringer v. Moore* (1984) 31 Cal.2d 489,
5  498.  Here, North American contends that if Plaintiff Brian Hall
6  and AES had taken the utmost care in relation to employee safety,
7  the injury could have been prevented.  Also, the evidence will
8  show that even if North American's activities are considered to
9  be ultra hazardous, it was not the blasting itself that caused
10  Plaintiff Brian Hall's injuries.
11    Law Applicable Plaintiff Brian Hall's
12    Claim for Negligence.
13    17.   To establish negligence under California law, a
14  plaintiff must establish:
15    (1) Defendant's legal duty or care toward plaintiff;
16    (2) Defendant's breach of that duty;
17    (3) Injury proximately or legally caused by that
18  breach; and
19    (4) Damage to plaintiff.
20  *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666,
21  673.  The absence of one of the elements will preclude recovery.
22  *Ibid.*
23    18.   The evidence at trial will show that North American did
24  not breach any duty owed to Plaintiffs as it conducted the
25  blasting in a safe and secure manner.  Prior to the blasting by
26  North American, AES agreed to assume all risk resulting from the
27  aftermath of the blasting and expressly stated that it was fully
28  prepared to handle any and all fires which took place as a result

of the blasting.  Despite having the knowledge that fires commonly occur during the blasting process, and despite being ultimately responsible for same, AES failed to provide proper safeguards to prevent and/or suppress said fires and failed to safeguard their employees from the dangers inherent in the blasting process by maintaining a dangerous and defective condition on the property.  Therefore, any injuries not caused by the negligence of Plaintiff Brian Hall were caused by the active, primary and original negligence of AES.  Lastly, the evidence will show that the actual blasting performed by North American did not cause Brian Hall's injuries.

Law Applicable Plaintiff Jean Hall's

Claim for Loss of Consortium.

19.  As shown above, North American did not breach any duty it owed and was not the cause of Plaintiff Brian Hall's injuries. Therefore, Plaintiff Jean Hall cannot assert a loss of consortium claim against North American.  In addition, complete loss of consortium for a definite period of time or a nondeterminable length of time and is not to be confused with the inevitable physical, mental, and emotional damage normally or usually suffered by one spouse when the other has been wrongfully injured.  *Park v. Standard Chem. Way Co.* (1976) 60 Cal. App. 3d 47, 51.  The evidence will show that Plaintiff Jean Hall did not suffer from loss of consortium and therefore cannot recover for same.

**Law Applicable to North American's Claim Against AES**.

20.  The evidence at trial will show that AES breached its duty to North American and Plaintiffs as it agreed to assume all

**14**

risk resulting from the aftermath of the blasting and expressly stated that it was fully prepared to handle any and all fires which took place as a result of the blasting.  Despite having the knowledge that fires commonly occur during the blasting process, and despite being ultimately responsible for same, AES failed to provide proper safeguards to prevent and/or suppress said fires and failed to safeguard their employees from the dangers inherent in the blasting process by maintaining in a dangerous and defective condition on the property.  Also, the evidence will show that the actual blasting performed by North American did not cause Brian Hall's injuries.

<div align="center">VIII.  ABANDONED ISSUES</div>

1.    The parties are unaware of any issues abandoned for trial.

<div align="center">IX.  WITNESSES</div>

A.    <u>Plaintiffs</u>

1.    Brian N. Hall
      4692 West Vassar
      Fresno, CA 93727

2.    Jean M. Hall
      4692 West Vassar
      Fresno, CA 93727

3.    Amber Hall
      4692 West Vassar
      Fresno, CA 93727

4.    Brandon Hall
      4692 West Vassar
      Fresno, CA 93727

<u>Medical Witnesses Pertaining to Brian Hall</u>

5.    Judith Ellen Knapp, Ph.D.
      5151 North Palm, Suite 600
      Fresno, CA 93704
      (559) 226-9078

<div align="center">15</div>

6.   Hongshik Han, M.D.
     1221 E. Spruce, Suite C
     Fresno, CA 93720
     (559) 450-3878

7.   John B. Edwards, M.D.
     5680 North Fresno Street, Suite 107
     Fresno, CA 93710
     (559) 435-1800

8.   Randi Galli, M.D., F.A.C.S.
     REGIONAL HAND CENTER OF CENTRAL CALIFORNIA
     2139 E. Beechwood Avenue
     Fresno, CA 93720
     (559) 322-6600

9.   Ronald Teague, Ph.D.
     5151 North Palm Avenue
     Fresno, CA
     (559) 226-9488

10.  University Medical Center
     445 South Cedar Avenue
     Fresno, CA 93702

11.  Community Regional Medical Center
     2823 Fresno Street
     Fresno, CA 93721
     (559) 459-6000

12.  Jon Anderson, N.P.

13.  Lawrence Battad, N.P.

14.  James W. Davis, M.D.

15.  William J. Dominic, M.D.

16.  Babak Eghbaleih, M.D.

17.  Lindsey Fish, M.S.

18.  Brian George, M.S., III

19.  Lucas Karaelias, M.D./RES

20.  Sharon Kimura, N.P.

21.  Eric Lemker, M.D./RES

22.  Vahe Melkonyan, M.D.

23.  Mabel Onwuka, M.S.

24.  Dr. Peters - Gastroenterology

16

25. N. Smith, M.D.

26. Richard Townsend, M.D.

27. Isreal Trujillo, M.S., IV

28. Harborview Medical Center
    325 Ninth Avenue
    Seattle, Washington 98104
    (206) 731-3000

29. Karen L. Bidwell, ARNP

30. Charles H. Bombardier, Ph.D.

31. Loren H. Engrav, M.D.

32. Peter C. Esselman, M.D. (video tape)

33. Janna L. Friedly, M.D.

34. Phillip Troy Henning, M.D.

35. Casey Isom, M.D.

36. Matthew Brady Klein, M.D.

37. Fernanda Martinez

38. Yuli McCutchen, M.S. - IV

39. Ivan Molton, M.S.

40. Tam Ngon Pham, M.D.

41. Emilia Ploplys, M.D.

42. Jacqueline Ellen Zinn, M.D.

43. The Poly Clinic
    1145 Broadway
    Seattle, Washington 98122
    (206) 329-1760

44. Matthew Allen Edwardson, M.D.

45. Joseph C. Marquez, M.D.

46. Jonathan V. Wright, M.D.

47. Paradigm
    1001 Galaxy Way, Suite 300
    Concord, CA 94520
    (925) 676-2300

48. Diane Davis, R.M., C.C.M.
Network Manager
Post Office Box 1665
Clackmass, Oregon 97015-1665
(503) 789-6443

49. Alan R. Dimick, M.D.
2717 Lockerbie Circle
Birmingham, Alabama 35223-2911
(205) 969-3106

**Witnesses Pertaining to Jean Hall:**

50. Jagmeet Chann, M.D.
6089 N. First Street, Suite 101
Fresno, CA 93710
(559) 449-8060

51. Bill Meyer
3245 Fairview Avenue E., Suite 200
Seattle, Washington 98012
(206) 325-2504

52. Carol Workman, M.D.
1405 SE 164th Avenue
Vancouver, Washington 98683

53. Arlene Costa, LCSW, BCD
7760 North Fresno, Suite 103
Fresno, CA 93704

54. Judith Ellen Knapp, Ph.D.
5151 North Palm, Suite 600
Fresno, CA 93704
(559) 226-9078

55. Gary A. Matson, M.D.
7710 North Fresno Street
Fresno, CA
(559) 437-9100

**Plaintiffs' Retained Expert Witnesses:**

56. Claire Austin, Ph.D.
1250 Rene-Levesque West, Suite 2200
Montreal, Quebec H3B 4W8
(514) 989-3720

57. Leyla Azmoun, M.D.
Sierra Imaging Associates
231 West Fir Avenue
Clovis, CA 93611
(559) 297-0300

///

18

58. Randall C. Epperson, Ph.D.
    The Damrell Building
    1601 "I" Street, Suite 440
    Modesto, CA 95354
    (209) 523-0999

59. Jim Flynn, P.E.
    J2 Engineering, Inc.
    7636 North Ingram
    Fresno, CA 93711
    (559) 437-3884

60. Rod Hall
    Explosive Professionals, Inc.
    1820 Rotary Drive
    Post Office Box 1885
    Humble, TX 77347
    (281) 446-2666

61. Marianne Inouye, MBA
    Zengler & Inouye, LLC
    4 East Holly Street, suite 205
    Pasadena, CA 91103-3900
    (626) 405-1999

62. Sharon Kawai, M.D.
    1440 North Harbor Boulevard, Suite 900
    Fullerton, CA 92835
    (714) 449-3340

63. Joseph H. Romig, Ph.D.
    Ponderosa Associates, Ltd.
    130 Miners Drive
    Lafayette, CO 80026
    (303) 666-8112

64. Rick Sarkisian, Ph.D.
    Valley Rehabilitation Services, Inc.
    545 East Alluvial, Suite 116
    Fresno, CA 93720-2826
    (559) 439-8000

Defendants' Retained Expert Witnesses:

65. Christine Wood, Ph.D. - (via video tape)
    Exponent Failure Analysis Associates
    149 Commonwealth Drive
    Menlo Park, CA 94025
    (650) 326-9400

66. Larry Anderson, Ph.D., P.E. (via video tape)
    Exponent Failure Analysis Associates
    149 Commonwealth Drive
    Menlo Park, CA 94025
    (650) 326-9400

**Defendant, AES Employees**:

67. Doyle Hibler
    8101 Camino Media, Apartment 224
    Bakersfield, CA 93311

68. Mark Wayne Holbrook
    1983 North Miramar
    Clovis, CA 93612

69. Paul Mikolaycik
    6706 Los Verdes Drive #14
    Rancho Palos Verdes, CA 90275

70. Eric Navarro
    400 Guillen Parkway
    Mendota, CA

71. David Righthouse
    5105 Congressional Street
    Chowchilla, CA 93610

72. Edward Sanchez
    15862 Monterey Lane
    Kerman, CA 93630

73. David Michael Sansom
    40 East Loop
    Madera, CA 93637

74. James T. Smith
    785 Murray Street
    Mendota, CA

75. Keith John Speak
    5781 East Kaviland Avenue
    Fresno, CA 93727

76. Wayne Terry
    7116 Bandalero Way
    Bakersfield, CA 93308

77. Donald Vawter
    31500 Pond Road
    Delano, CA

78. William Vicenti
    3423 East Dayton Avenue
    Fresno, CA

79. Mark E. Woodruff

80. Clint Cooper

81. Troy Owens

1    **Defendant, NAIS Employees**:

2        82.   Robert England
              4120 North Valentine, Apt. 117
3              Fresno, CA 93722

4        83.   Ezery Jefferson Kennedy
              3303 West Alamos Avenue
5              Fresno, CA 93722

6        84.   Gary McConihay
              1240 Saratoga Road
7              Ballston Spa, NY 12020

8        85.   Christopher M. Scringe
              1240 Saratoga Road
9              Ballston Spa, NY 12020

10       86.   Shawn David Sicard (via video tape)
              234 South Line Road
11             Middlegrove, NY 12850

12   **Miscellaneous**:

13       87.   Bill J. Rippee
              Post Office Box 5097
14             Fresno, CA 93755
              (559) 292-1930
15
         88.   Roderick Patrick O'Brien
16             Foster Wheeler North America Corp
              9645 Scranton Road
17             San Diego, CA

18       89.   Albert Ordway
              Division of Occupational Safety and Health
19             2550 Mariposa Street, Room 4000
              Fresno, CA 93721
20
         90.   Vicky Scott
21             Fresno County Sheriff's Department
              2200 Fresno Street
22             Fresno, CA 93721

23       91.   John Dominguez
              Department of Forestry
24             1234 East Shaw Avenue
              Fresno, CA 93710
25
         92.   Jeff Mallia
26             Sykes-Mallia Associates, Inc.
              160 LaFayette Street
27             Schenectady, NY

28   ///

21

93.  Ed Sheldon
     Claim Case Manager
     Zurich North America
     Post Office Box 7774
     San Francisco, CA 94188-7774
     (916) 636-5267

CUSTODIAN OF MEDICAL RECORDS AND MEDICAL BILLINGS:

94.  Custodian of Medical Records and Medical Billings
     Zurich North America
     560 Mission Street, Suite 2400
     San Francisco, CA 94105
     (415) 538-7100

95.  Custodian of Records and Medical Billings of
     University Medical Center
     445 South Cedar Avenue
     Fresno, CA 93702

96.  Custodian of Records and Medical Billings of
     Community Regional Medical Center
     2823 Fresno Street
     Fresno, CA 93721
     (559) 459-6000

97.  Custodian of Records and Medical Billings of
     Harborview Medical Center
     325 Ninth Avenue
     Seattle, WA 98104
     (206) 731-3000

98.  Custodian of Records and Medical Billings of
     The Poly Clinic
     1145 Broadway
     Seattle, WA 98122
     (206) 329-1760

B.  **Defendants**

Retained Expert Witnesses of the AES
Corporation and AES Mendota, L.P.:

1.  Howard Sutkin, M.D.
    555 Knowles Drive, Suite 110
    Los Gatos, CA 95032

2.  Dennis Sullivan, M.D.
    10423 Old Placerville Road, Suite 100
    Sacramento, CA 95827
    (800) 458-1261

///

///

22

3.   Steven D. Koobatian, Ph.D.
     401 North Church Street
     Visalia, CA 93921
     (550) 627-8150

4.   Ted Vavoulis, M.S.
     Vavoulis & Weiner, LLC
     11516 West Shaw Avenue, Suite 200
     Fresno, CA 93704-2515

5.   Larry Anderson, Ph.D., P.E.
     149 Commonwealth Drive
     Menlo Park, CA 94025
     (650) 236-9400

6.   Gene Bruno, M.S., C.R.C., C.D.M.S., C.C.M.
     16001 Ventura Boulevard, Suite 130
     Encino, CA 91436
     (818) 528-7300

**Non-Retained Expert Witnesses of the AES Corporation and AES Mendota, L.P.:**

7.   Jon Anderson, N.P.

8.   Lawrence Battad, N.P.

9.   James W. Davis, M.D.

10.  William J. Dominic, M.D.

11.  Babak Eghbaleih, M.D.

12.  Lindsey Fish, M.S.

13.  Lucas Karaelias, M.D.

14.  Sharon Kimura, N.P.

15.  Eric Lemker, M.D.

16.  Vahe Melkonyan, M.D.

17.  Mabel Onwuka, M.S.

18.  Dr. Peters - Gastroenterology

19.  N. Smith, M.D.

20.  Richard Townsend, M.D.

21.  Isreal Trujillo, M.S.

22.  James Behr, M.D.

23. Karen L. Bidwell, ARNP

24. Charles H. Bombardier, Ph.D.

25. Loren H. Engrav, M.D.

26. Peter C. Esselman, M.D.

27. Janna L. Friedly, M.D.

28. Phillip Troy Henning, M.D.

29. Casey Isom, M.D.

30. Matthew Brady Klein, M.D.

31. Fernanda Martinez

32. Yuli McCutchen, M.S.

33. Ivan Molton, M.S.

34. Tam Ngon Pham, M.D.

35. Emilia Ploplys, M.D.

36. Jacqueline Ellen Zinn, M.D.

37. Matthew Allen Edwardson, M.D.

38. Joseph C. Marquez, M.D.

39. Jonathan V. Wright, M.D.

40. Diane Davis, R.N., C.C.M.

41. Alan R. Dimick, M.D.

42. Judith Ellen Knapp, Ph.D.

43. Hongshik Han, M.D.

44. John B. Edwards, M.D.

45. Randi Galli, M.D., F.A.C.S.

46. Ronald Teague, Ph.D.

47. Jagmeet Chann, M.D.

48. Bill Meyer

49. Carol Workman

50. Arlene Costa

24

**Witnesses of the AES Corporation and AES Mendota, L.P.:**

51.  Brian Hall

52.  Jean Hall

53.  David Cecil Righthouse

54.  David Mark Samson

55.  Mark Holbrook

56.  Albert Ordway

57.  James T. Smith

58.  William Freeman Vincenti

59.  Edward Sanchez

60.  Keith Speak

61.  Paul Micolaycik

62.  Mark Woodruff

63.  Don Vawter

64.  Doyle Hibler

65.  Clint Cooper

66.  Eric Navarro

67.  Troy Owens

68.  Bill Vincenti

69.  Wayne Terry

70.  Shawn Sicard

71.  Jeff Mallia

72.  Robert England

73.  Jeff Kennedy

74.  Gary McConihay

75.  Bob Gardner

76.  Ed Guigliano

77.  Carl Johnk

78.   Jeff Ezery

<u>Defendant, North American's Witnesses</u>:

1.    North American Industrial Services, Inc.
      1240 Saratoga Road
      Ballston Spa, NY 12020
      (518) 885-1820

2.    Don Howard
      c/o North American Industrial Services, Inc.
      1240 Saratoga Road
      Ballston Spa, NY 12020
      (518) 885-1820

3.    Shawn Sicard
      c/o North American Industrial Services, Inc.
      1240 Saratoga Road
      Ballston Spa, NY 12020
      (518) 885-1820

4.    Robert England
      4120 North Valentine, Apt. 117
      Fresno, CA 93722

5.    Jeff Kennedy
      3303 West Alamos Avenue
      Fresno, CA 93722

6.    Gary McConihay
      c/o North American Industrial Services, Inc.
      1240 Saratoga Road
      Ballston Spa, NY 12020
      (518) 885-1820

<u>Plaintiffs</u>:

7.    Brian Hall
      4692 West Vassar
      Fresno, CA 93727

8.    Jean Hall
      4692 West Vassar
      Fresno, CA 93727

<u>Third-Party Defendants</u>:

9.    The AES Corporation

10.   AES Mendota, LP.

<u>Witnesses Pertaining to Brian Hall and Jean Hall</u>:

<u>University Medical Center</u>:

11. William J. Dominic, M.D.

12. Jon Anderson, N.P.

13. Lawrence Battad, N.P.

14. James W. Davis, M.D.

15. Babak Eghbaleih, M.D.

16. Lindsey Fish, MS

17. Brian George, M.S., III

18. Lucas Karaelias, M.D./RES

19. Sharon Kimura, NP

20. Eric Lemker, M.D./RES

21. Vahe Melkonyan, M.D.

22. Mabel Onwuka, MS

23. Dr. Peters - Gastroenterology

24. N. Smith, M.D.

25. Richard Townsend, M.D.

26. Isreal Trujillo, M.S., IV

27. Gary A. Matson, M.D.
    7710 North Fresno Street
    Fresno, CA
    (559) 437-9100

28. Harborview Medical Center & Clinics
    325 Ninth Avenu4e
    Seattle, WA 98104
    (206) 731-3000

29. James Paul Behr, M.D.

30. Karen L. Bidwell, ARNP

31. Charles H. Bombardier, Ph.D.

32. Loren H. Engrav, M.D.

33. Peter C. Esselman, M.D.

34. Janna L. Friedly, M.D.

35. Phillip Troy Henning, M.D.

36. Casey Isom, M.D.

37. Fernanda Martinez

38. Yuli McCutchen, M.S., IV

39. Ivan Molton, M.S.

40. Tam Ngon Pham, M.D.

41. Emilia Ploplys, M.D.

42. Jacqueline Ellen Zinn, M.D.

43. Hongshik Han, M.D.
    1221 East Spruce, Suite C
    Fresno, CA 93720
    (559) 450-3878

44. John B. Edwards, M.D.
    5680 North Fresno Street, Suite 107
    Fresno, CA 93710
    (559) 435-1800

45. Randi Galli, M.D., F.A.C.S.
    Regional Hand Center of Central California
    2139 East Beechwood Avenue
    Fresno, CA 93720
    (559) 322-6600

46. Ronald Teague, Ph.D.
    5151 North Palm Avenue
    Fresno, CA
    (559) 226-9488

47. The Poly Clinic
    1145 Broadway
    Seattle, WA 98122
    (206) 329-1760

48. Matthew Allen Edwardson, M.D.
49. Joseph C. Marquez, M.D.

50. Jonathan V. Wright, M.D.

51. Paradigm
    1001 Galaxy Way, Suite 300
    Concord, CA 94520
    (925) 676-2300

52. Diane Davis, R.N., C.C.M.
    Network Manager
    P. O. Box 1665
    Clackamas, OR 97015-1665
    (530) 789-6443

28

53. Alan R. Dimick, M.D.
    2717 Locerbie Circle
    Birmingham, Alabama 35223-2911
    (205) 969-3106

54. Jagmeet K. Chann, M.D.
    6089 North First Street, Suite 101
    Fresno, CA 93710
    (559) 449-8060

55. Bill Meyer, M.D.
    3245 Fairview Avenue E, #200
    Seattle, WA 98012

56. Carol Workman, M.D.
    1450 SE 164th Avenue
    Vancouver, WA 98683

57. Arlene Costa, LCSW, BCD
    7760 North Fresno, Suite 103
    Fresno, CA 93720

58. Judith Knapp, Ph.D.
    5151 North Palm Avenue
    Fresno, CA 93720
    (559) 226-9078

AES' Employees:

59. Doyle Hibler
    8101 Camino Media, Apartment 224
    Bakersfield, CA 93311

60. Mark Holbrook
    1983 North Miramar
    Clovis, CA 93612

61. Paul Mikolaycik
    67-06 Los Verdes Drive, #14
    Rancho Palos Verdes, CA 90275

62. Erick Navarro
    400 Guillen Parkway
    Mendota, CA

63. David Righthouse
    5105 Congressional Street
    Chowchilla, CA 93610

64. David Sansom
    400 Guillen Parkway
    Mendota, CA

///

29

65. Keith Speak
    400 Guillen Parkway
    Mendota, CA

66. Wayne Terry
    7116 Bandalero Way
    Bakersfield, CA 93308

67. Donald Vawter
    31500 Pond Road
    Delano, CA

68. William Vicenti
    400 Guillen Parkway
    Mendota, CA

69. Mark Woodruff
    c/o AES Corporation

Miscellaneous Witnesses:

70. John Dominguez
    Dept. of Forestry and Fire Protection
    1234 East Shaw Avenue
    Fresno, CA 93710

71. Albert Ordway
    Division of Occupational Safety and Health
    2550 Mariposa Street, Room 4000
    Fresno, CA 93721

72. Vicky Scott
    Fresno County Sheriff's Office
    2200 Fresno Street
    Fresno, CA 93721

73. Roderick O'Brien (PMK Foster Wheeler)
    Foster Wheeler North America Corp.
    9645 Scranton Road
    San Diego, CA

NAIS' Experts:

74. Gene Bruno, M.S., C.R.C.
    C.D.M.S., C.C.M.
    16001 Ventura Boulevard, Suite 130
    Encino, CA 91436
    (818) 528-7300

75. Kimble Clark, Ph.D.
    Aptech Engineering Services, Inc.
    601 West California Ave.
    Sunnyvale, CA 94086
    (408) 745-7000

30

76. Steven Koobatian, Ph.D.
    Vocational Designs, Inc.
    401 North Church Street
    Visalia, CA 93291
    (559) 627-8150

77. Jon Moldestad, Ph.D.
    Analytical and Forensic Safety
    15 Trillium Lane
    San Carlos, CA 94070
    (650) 593-3731

78. Douglas Olson, Ph.D.
    Baker Engineering & Risk Consultants
    3330 Oakwell Court, Suite 100
    San Antonio, TX 78218
    (210) 824-5960

79. Dennis Sullivan, M.D.
    Benchmark Medical Consultants
    1357 West Shaw Avenue, Suite 103
    Fresno, CA 93711-3601

80. Howard Sutkin, M.D.
    Benchmark Medical Consultants
    1357 West Shaw Avenue, Suite 103
    Fresno, CA 93711-3601

81. Ted Vavoulis, M.S.
    Vavoulis & Weiner LLC
    445 South Figueroa Street, suite 3700
    Los Angeles, CA 90071-1641
    (213) 817-6600

Plaintiff's Experts:

82. Claire Austin, Ph.D.
    1250 Rene-Levesque West, Suite 2200
    Montreal, Quebec H3B4W8
    (514) 989-3720

83. Leyla Azmoun, M.D.
    Sierra Imaging Associates
    231 West Fir Avenue
    Clovis, CA 93611
    (559) 297-0300

84. Randall C. Epperson, Ph.D.
    The Damrell Building
    1601 "I" Street, Suite 440
    Modesto, CA 95354
    (209) 523-0999

///

31

85.   James Flynn, P.E.
      J2 Engineering, Inc.
      7636 North Ingram
      Fresno, CA 93711
      (559) 437-3884

86.   Roderick Hall
      Explosive Professionals, Inc.
      1820 Rotary Drive
      Humble, TX 77347
      (281) 446-2666

87.   Marianne Inouye
      Zengler & Inouye
      4 East Holly Street, Suite 205
      Pasadena, CA 91103-3900
      (626) 405-1999

88.   Sharon Kawai, M.D.
      1440 North Harbor Blvd., Suite 900
      Fullerton, CA 92835

89.   Joseph Romig, Ph.D.
      Ponderosa Associates, Ltd.
      130 Miners Drive
      Lafayette, CO 80026
      (303) 666-8112

90.   Ricky Sarkisian, Ph.D.
      Valley Rehabilitation Services, Inc.
      545 East Alluvial, Suite 116
      Fresno, CA 93720-2826
      (559) 439-8000

AES Experts:

91.   Larry Anderson, Ph.D., P.E.
      Exponent Failure Analysis Associates
      149 Commonwealth Drive
      Menlo Park, CA 94025
      (650) 326-9400

92.   Christine Wood, Ph.D.
      Exponent Failure Analysis Associates
      149 Commonwealth Drive
      Menlo Park, CA 94025
      (650) 326-9400

The parties shall have through the close of business on Tuesday, September 25, 2007, to supplement their designations of witnesses and/or exhibits.

Counsel are each ordered to submit a list of witnesses to

the court along with a copy for use by the Courtroom Deputy
Clerk, on the same date and at the same time as the list of
exhibits are to be submitted as ordered below.

CAUTION

Counsel are cautioned that expert witnesses, including
percipient experts, must be designated as such.  No witness, not
identified as a witness in this order, including "rebuttal"
witnesses, will be sworn or permitted to testify at trial.

X.   EXHIBITS, SCHEDULES AND SUMMARIES

The following is a list of documents or other exhibits that
the parties expect to offer at trial.

CAUTION

Only exhibits so listed will be permitted to be offered into
evidence at trial, except as may be otherwise provided in this
order.  No exhibit not designated in this pretrial order shall be
marked for identification or admitted into evidence at trial.

A.   Plaintiff's Exhibits

Incident Reports

1.   Department of Industrial Relations, Division of
Occupational Safety and Health Report and File prepared
pertaining to incident of September 20, 2005.

2.   Department of Forestry and Fire Protection Fire Report.

3.   Fresno County Sheriff's Department Incident Report.

NAIS Manuals

4.   NAIS Training Manual for Explosive Personnel.

5.   NAIS Health and Safety Program.

6.   NAIS Plant Operations Procedures.

7.   NAIS Method of Explosive Operation.

33

**Expert Reports, Photographs and Exhibits**

8.   Report and photographs prepared by Joseph Romig, Ph.D.

9.   Reports and photographs prepared by Claire Austin, Ph.D.

10.   Reports, photographs, videos and DVDs prepared by Jim Flynn, P.E.

11.   Reports prepared by Leyla Azmoun, M.D.

12.   Report prepared by Randall Epperson, Ph.D.

13.   Reports and photographs prepared by Rod Hall.

14.   Reports prepared by Marianne Inouye.

15.   Reports and photographs prepared by Sharon Kawai, M.D.

16.   Reports prepared by Rick Sarkisian, Ph.D.

**Medical Records/x-rays and photographs pertaining to Brian N. Hall:**

17.   Medical records/x-rays/photographs from University Medical Center.

18.   Medical records/x-rays/photographs from Harborview Medical Center.

19.   Medical records/x-rays/photographs from Poly Clinic.

20.   Medical records from Judith Knapp, Ph.D.

21.   Medical records from Ronald Teague, M.D.

22.   Medical records from Randi Galli, M.D.

23.   Medical records from William J. Dominic, M.D.

24.   Medical records from Hongshik Han, M.D.

25.   All medical billings pertaining to Brian N. Hall.

**Medical records pertaining to Jean Hall:**

26.   Medical records from Carol Workman, M.D.

27.   Medical records from Judith Knapp, Ph.D.

34

28.  Medical records from Gary Matson, M.D.

29.  Medical records from Jagmeet Chann, M.D.

30.  Medical records from Bill Meyer.

31.  Medical records from Ronald Teague, M.D.

32.  Medical records from Arlene Acosta, M.D.

**Photographs/Videos**:

33.  Photographs of accident site produced by AES Mendota.

34.  Photographs taken by Bill J. Rippee, Private Investigator.

35.  Photographs taken and provided by Plaintiffs, Brian and Jean Hall pre-incident and post-incident.

36.  Any and all photographs and videos taken of scene of accident and plaintiff's injuries.

37.  Video taken and produced by AES of explosive deslagging of the cyclones on September 23, 2005.

**Miscellaneous Exhibits**:

38.  Multiple boards/photographs pertaining to Brian Hall prepared by Executive Presentations.

39.  Job Safety Analysis by AES dated August 15, 2005.

40.  Job Safety Analysis by NAIS dated September 20, 2005.

41.  Job Safety Analysis by NAIS dated September 23, 2005.

42.  NAIS records of September 20, 2005 and September 23, 2005.

43.  Fresno County Sheriff's Department Application and Permit Explosives - Application & Permit No: 06004 (NAI 00766-NAI 00767).

44.  Weather information for date of September 20, 2005.

45.  All AES employee witness statements.

1   46.   Records from Zurich North American.

2   47.   Records from Sykes Mallia Associates, Inc.

3   48.   Documents obtained from Mining and Tunneling Unit

4   Division of Occupational Safety and Health.

5   49.   Blasters license information.

6   50.   Documents from Mining and Tunneling Unit Division of

7   Occupational Safety and Health.

8   51.   Brian N. Hall employment records and wage information.

9   52.   School records: (a) Haverhill High School and (b)

10   University of Phoenix.

11   53.   Plaintiffs' Marriage Certificate.

12   54.   License permit, A.T.F. (Exhibit 6 to deposition of

13   Shawn Sicard).

14   55.   Plant Operations Procedure (Exhibit 17 to deposition of

15   Gary McConihay).

16   B.   **Defendant's Exhibits**

17   **Exhibits of Defendant The AES Corporation and AES Mendota,**

18   **L.P.**:

19   1.   The AES Corporation's workers' compensation policy

20   page.

21   2.   Corporate name change form filed by AES Mendota, L.P.

22   3.   Offer letter issued to Brian Hall by AES Mendota, L.P.

23   4.   Corporation structure chart of The AES Corporation.

24   5.   Declaration of Donald Vawter dated July 30, 2007, filed

25   in support of Motion for Summary Judgment of The AES Corporation

26   and AES Mendota, L.P. against North American Industrial Services,

27   Inc.

28   6.   Declaration of Donald Vawter dated July 30, 2007, filed

36

in support of Motion for Summary Judgment of the AES Corporation and AES Mendota, L.P. against Plaintiffs, Brian Hall and Jean Hall.

7.    Declaration of Donald Vawter, dated December 22, 2006, filed in support of Proposed Third Party Defendants' Opposition to Motion for Leave to File Third Party Complaint.

8.    Quitclaim Deed of Mendota Biomass Power, Ltd., formerly known as AES Mendota, L.P., pertaining to the power plant located at 400 Guillen Parkway, Mendota, California and recorded by the Fresno County Recorder's Office on March 6, 2000.

9.    Any and all medical records pertaining to Brian Hall, obtained by way of subpoena.

10.   Any and all medical records pertaining to Jean Hall, obtained by way of subpoena.

11.   Any and all employment records pertaining to Brian Hall, obtained by way of subpoena.

12.   Any and all workers' compensation records pertaining to Brian Hall, obtained by way of subpoena.

13.   Relevant portions of any and all deposition transcripts in this matter.

14.   Any and all written discovery propounded by any party in this matter, and the responses thereto.

15.   Report of Gene Bruno, M.S., C.R.C., C.D.M.S., C.C.M.

16.   Report of Larry Anderson, Ph.D.

17.   Report of Christine Wood, Ph.D.

18.   Report of Steve Koobatian, Ph.D.

19.   Report of Dennis Sullivan, M.D.

20.   Report of Howard Sutkin, M.D.

**1**      21.  Report of Ted Vavoulis, M.S.

**2**      **Exhibits of Defendant, North American**:

**3**      1.  Job safety analysis record dated September 20, 2005

**4**  (attached to Defendant North American's initial disclosures).

**5**      2.  Invoice # 0019025-IN dated September 20, 2005 (attached

**6**  to Defendant North American's initial disclosures).

**7**      3.  Job billing record for job number 8121-B93 (attached to

**8**  Defendant North American's initial disclosures).

**9**      4.  Job cost record for job number 8121-B93 (attached to

**10**  Defendant North American's initial disclosures).

**11**      5.  Employee and materia list for job number 8121-B93 dated

**12**  September 20, 2005 (attached to Defendant North American's

**13**  initial disclosures).

**14**      6.  Explosive load list for job number 8121-B93 (attached

**15**  to Defendant North American's initial disclosures).

**16**      7.  Report of explosive operations for job number 8121-B93

**17**  (attached to Defendant North American's initial disclosures).

**18**      8.  Job safety analysis record dated September 23, 2005

**19**  (attached to Defendant North American's initial disclosures).

**20**      9.  Defendant North American's invoice # 0019026-IN to

**21**  Mendota Biomass dated September 23, 2005 (attached to Defendant

**22**  North American's initial disclosures).

**23**      10.  Defendant North American's employee and material list

**24**  for job number 8121-B94 dated September 23, 2005 (attached to

**25**  Defendant North American's initial disclosures).

**26**      11.  Explosive load list for job number 8121-B94 (attached

**27**  to Defendant North American's initial disclosures).

**28**      12.  Defendant North American's report of explosive

<center>38</center>

operations for job number 8211-B94 dated September 23, 2005 (attached to Defendant North American's initial disclosures).

13.  Defendant North American's Health and Safety Program [Bates Nos. NAI 00001-00710].

14.  Defendant North American's Training Manual for explosive personnel [Bates Nos. NAI 00711-00758].

15.  Defendant North American's Plant operation procedures [Bates No. NAI 00759].

16.  Defendant North American's method of exclusive operations [Bates No. NAI 00760].

17.  Defendant North American's licenses [Bates No. NAI 00761 to NAI 00767].

18.  Blaster's license for Shaw Sicard [Bates No. NAI 00768].

19.  Worker's Comp Appeals Board documents [Bates Nos. 000001-000011].

20.  Cal OSHA documents, including report.

21.  Employee witness statement of Mark Holbrook dated March 9, 2006 (Depo. Ex. C to Holbrook depo.).

22.  AES Mendota time sheet for Mark Holbrook (Depo. Ex. D to Holbrook depo.).

23.  AES Mendota LP overtime explanation (depo ex. E to Holbrook depo.).

24.  Photographs (depo. exs. F through P to Holbrook depo.).

25.  Letter from AES Mendota, L.P. to Brian Hall dated August 19, 2004 (depo ex. A to Brian Hall depo.).

26.  AES Mendota L.P. job safety analysis instructions [Bates Nos. AES 0000001-0000009] (depo ex. B to Brian Hall

depo.).

27.   Diagram of plant [Bates No. AES 0011468] (depo ex. D to Brian Hall depo.).

28.   Resume of Brian Hall (depo. ex. E to Brian Hall depo.).

29.   AES Mendota accident report policy (pages 107, 109 and 111) [Bates Nos. AES 0000217, 0000219, 0000221] (depo. ex. F to Brian Hall depo.).

30.   AES Mendota fire prevention plan [Bates nos. AES 0000070-0000106] (depo ex. G to Brian Hall depo.).

31.   Photographs (depo. exs. H through T to Brian Hall depo.).

32.   Photographs (depo. exs. A through N to Samson depo.).

33.   AES timesheet (depo ex. A to Sanchez depo.).

34.   Job safety analysis dated September 20, 2005 (depo. ex. 2 to England depo.).

35.   Photographs (depo. exs. 3 through 5 to England depo.).

36.   Defendant North American's training manual for explosive personnel [Bates Ns. NAI 00728-00729] (depo ex. 6 to England depo.).

37.   Defendant North American's training manual for explosive personnel [Bates Nos. NAI 00746-00747] (depo. ex. 7 to England depo.).

38.   Method of explosive operation [NAI 00760] (depo ex. 8 to England depo.).

39.   Job safety analysis dated September 23, 2005 (depo. ex. 9 to England depo.).

40.   DVD dated September 23, 2005 of plugged cyclone [AES 0011642] (depo. ex. 10 to England depo.).

41.   Preliminary fire investigation (depo. ex. 3 to Dominguez depo.).

42.   Department of Forestry and Fire Protection Fire Report (depo. ex. 4 to Dominguez depo.).

43.   Photograph (depo. ex. 5 to Dominguez depo.).

44.   Fresno County Sheriff's Department Report [AES 0000365] (depo. ex. 3 to Scott depo.).

45.   Photograph (depo. ex. 4 to Scott depo.).

46.   Cal OSHA report (depo. ex. 3 to Ordway depo.).

47.   North American's licenses [NAI 00761-00767] (depo. ex. 6 to Sicard depo.).

48.   Blaster's license information (depo. ex. 7 to Sicard depo.).

49.   North American's initial disclosures (depo ex. 8 to Sicard depo.).

50.   Photographs (depo. exs. 9 through 14 to Sicard depo.).

51.   Defendant North American's training manual for explosive personnel (NAI 00711, 00750, 00746, 00733] (depo. ex. 15 to Sicard depo.).

52.   DVD dated September 23, 2005 of plugged cyclone [AES 0011642] (depo ex. 16 to Sicard depo.).

53.   Defendant North American's plant operations procedures [NAI 00759-00760] (depo. ex. 17 to McConihay depo.).

54.   Copy of patient's file (depo. ex. B to Chann depo.).

55.   Photographs (depo. exs. A through C to Speak depo.).

56.   Mendota/Woodland log (depo. ex. 3 to O'Brien depo.).

57.   Aftermarket proposal authorization (depo. ex. 4 to O'Brien depo.).

58.   Mendota Biomass Power Boiler Cyclone Performance Evaluation (depo. ex. 5 to O'Brien depo.).

59.   AES Mendota L.P. technical report (depo. ex. 6 to O'Brien depo.).

60.   AES Mendota report for boiler tuning study (depo. ex. 7 to O'Brien depo.).

61.   Documents related to the cyclone (depo. ex. 8 to O'Brien depo.).

62.   Drawings (depo. ex. 9 to O'Brien depo.).

63.   Officers history: The AES Corporation (depo. ex. B to Vawter depo.).

64.   Request No. 9: letter from AES Mendota to Department of Industrial Relations dated April 7, 2006 attaching citation and notice of penalty (depo. ex. C to Vawter depo.).

65.   Request No. 11: invoices from AES Mendota to CLO-Cal. Eng. & Mfg. (depo. ex. D to Vawter depo.).

66.   AES organizational chart (depo. ex. E to Vawter depo.).

67.   Various medical records and reports (depo. ex. B to Epperson depo.).

68.   Various pages of test results (depo ex. C to Epperson depo.).

69.   Various documents referred to as administrative records (depo. ex. D to Epperson depo.).

70.   MRI Brian without contrast report (depo. ex. 1 to Azmoun depo.).

71.   CV of Leyla Azmoun, M.D. (depo. ex. B to Azmoun depo.).

72.   Letter from Richard Watters to Leyla Azmoun, M.D. dated December 20, 2006 (depo. ex. C to Azmoun depo.).

1       73.  UMC reports from Dr. Azmoun's file (depo. ex. D to

2  Azmoun depo.).

3       74.  Letter from Mr. Watters to Dr. Azmoun dated June 26,

4  2007 (depo. ex. E to Azmoun depo.).

5       75.  Two page excerpt from Dr. Kawai's report (depo. ex. F

6  to Azmoun depo.).

7       76.  Excerpts from Dr. Epperson's report (depo. ex. G to

8  Azmoun depo.).

9       77.  Letter from Dr. Azmoun to Mr. Watters regarding report

10  of Mr. Hall's condition dated December 26, 2006 (depo. ex. H to

11  Azmoun depo.).

12       78.  List of deposition testimony of Dr. Azmoun (depo ex. I

13  to Amoun depo.).

14       79.  Dr. Sarkisian's file (depo. exs. A through A-4 to

15  Sarkisian depo.).

16       80.  Hand-written notice from James Flynn (depo ex. B to

17  Flynn depo.).

18       81.  Sketches from James Flynn (depo ex. C to Flynn depo.).

19       82.  Report from James Flynn dated January 15, 2007 (depo.

20  ex. D to Flynn depo.).

21       83.  Hand-written notes (depo. ex. B to Romig depo.).

22       84.  Hand-written notices (depo ex. C to Romig depo.)

23       85.  CD of photographs (depo. ex. D to Romig depo.).

24       86.  Photographs (depo. exs. F through G to Romig depo.)

25       87.  Statements and summaries file (depo. ex. H to Romig

26  depo.)

27       88.  Deposition summary of Wayne Terry (depo. Ex. I to Romig

28  depo.)

89.   Deposition summary of Paul Mikolaycik (depo. ex. J to Romig depo.)

90.   Deposition summary of Edward Sanchez (depo. ex. K to Romig depo.)

91.   Deposition summary of Keith Speak (depo. ex. L to Romig depo.).

92.   Research (depo. ex. M to Romig depo.).

93.   Drawings (depo. ex. N to romig depo.).

94.   Report of Romig (depo ex. O to Romig depo.).

95.   Supplemental report of Romig (depo ex. P to Romig depo.).

96.   Romig's calculations (depo. ex. Q to Romig depo.).

97.   Vocational rehabilitation evaluation preliminary opinions and conclusions (depo ex. A to Koobatian depo.).

98.   Document analyses (depo. ex. B to Koobatian depo.).

99.   Deposition testimonies (depo. ex. C to Koobatian depo.).

100.   Right side of Koobatian case file (depo. ex. D to Koobatian depo.).

101.   Left side of Koobatian case file (depo. ex. E to Koobatian depo.).

102.   Facts relating to safety management (depo. ex. A to Austin depo.).

103.   Handwritten notes and photographs (depo. exs. B through C to Austin depo.).

104.   Expert witness report of Claire Austin (depo. ex. D to Austin depo.).

105.   Cal OSHA Title 8 file (depo. ex. E to Austin depo.).

1    106.   Safety requirements for demolition operations (depo.
2  ex. F to Austin depo.).

3    107.   Safety and health program requirements for demolition
4  operations (depo. ex. G to Austin depo.).

5    108.   Safety requirements for transportation, storage and
6  handling & use of commercial explosives & blasting agents (depo.
7  ex. H to Austin depo.).

8    109.   Safety and health program requirements for multi-
9  employer projects (depo. ex. I to Austin depo.).

10    110.   Occupational health & safety management systems (depo.
11  ex. J to Austin depo.).

12    111.   NAIS training manual for explosive personnel & scope &
13  responsibilities/disciplinary action policy (depo. ex. K to
14  Austin depo.).

15    112.   AES fire prevention plan (depo. ex. L to Austin
16  depo.).

17    113.   Safety training lesson plan file (depo. ex. M to
18  Austin depo.).

19    114.   Witness statements file (depo. ex. N to Austin depo.).
20    115.   Personal protective equipment and survey & job safety
21  analysis instructions (depo. ex. X to Austin depo.).

22    116.   AES Mendota drawings and invoices (depo. ex. Y to
23  Austin depo.).

24    117.   AES Mendota time sheets (depo. ex. X to Austin depo.).
25    118.   AES Mendota safety training attendance sheets (depo.
26  ex. AA to Austin depo.).

27    119.   NAIS - Mendota job info. (depo. ex. BB to Austin
28  depo.).

45

1     120.   North American's explosives permits (depo. ex. CC to
2  Austin depo.).

3     121.   OSHA citation (depo. ex. DD to Austin depo.).

4     122.   Fresno County Sheriff's Report (depo. ex. EE to Austin
5  depo.).

6     123.   Department of Forestry and Fire Protection fire report
7  (depo ex. FF to Austin depo.).

8     124.   Letter dated August 19, 2004 from AES to Mr. Hall re
9  offer of employment (depo ex. GG to Austin depo.).

10    125.   Expert report and file on Kimble Clark (depo. ex. HH
11 to Austin depo.).

12    126.   Expert report of Jon Moldestad (depo ex. II to Austin
13 depo.).

14    127.   Expert reports from Mr. Anderson and Ms. Wood (depo.
15 ex. JJ to Austin depo.).

16    128.   Expert report from Doug Olson (depo. ex. KK to Austin
17 depo.).

18    129.   Cal OSHA file (depo. ex. LL to Austin depo.).

19    130.   Correspondence file (depo. ex. MM to Austin depo.).

20    131.   Various emails (depo. ex. NN to Austin depo.).

21    132.   SAREC invoices (depo. ex. XX to Austin depo.).

22    133.   Letter from Ms. Austin to Mr. Watters dated June 20,
23 2007 (depo. ex. YY to Austin depo.).

24    134.   U.S. Department of Labor documents and various other
25 documents (depo. ex. GGG to Austin depo.).

26    135.   Expert report of Jon Moldestad (depo. ex. 1 to
27 Moldestad depo.).

28    136.   Title 8 and Z-10 excerpts, 4 pages (depo. ex. 2 to

46

Moldestad depo.).

137.   June 30, 2007, letter report addressed to Mr. Lowell T. Carruth, from Jon P. Moldestad, 2 pages (depo. ex. 3 to Moldestad depo.).

138.   OSHA multi-employer worksite inspections and a May 5, 2000, publication of the Cal-OSHA Reporter (depo. ex. 4 to Moldestad depo.).

139.   Douglas Olson bio and list of publications (depo. ex. 1 to Olson depo.).

140.   Douglas Olson expert report (depo. ex. 2 to Olson depo.).

141.   Douglas Olson notes (depo. ex. 3 to Olson depo.).

142.   Job safety analysis dated September 20, 2005 (depo. ex. 4 to Olson depo.).

143.   AES organizational chart (depo. ex. 2 to Hibler depo.).

144.   6/14/06 letter from Mr. Watters to Dr. Kawai (depo. ex. 1 to Kawai depo.).

145.   7/31/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 2 to Kawai depo.).

146.   7/30/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 3 to Kawai depo.).

147.   9/7/06 letter from Mr. Watters to Dr. Kawai (depo. ex. 4 to Kawai depo.).

148.   9/19/06 letter from Mr. Watters to Dr. Kawai (depo. ex. 5 to Kawai depo.).

149.   11/7/06 letter from Mr. Watters to Dr. Kawai (depo. ex. 6 to Kawai depo.).

47

150.   11/13/06 letter from Mr. Watters to Dr. Kawai (depo. ex 7 to Kawai depo.).

151.   12/27/06 letter from Mr. Watters to Dr. Kawai (depo. ex. 8 to Kawai depo.).

152.   1/8/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 9 to Kawai depo.).

153.   2/8/7 letter from Mr. Watters to Dr. Kawai (depo. ex. 10 to Kawai depo.).

154.   2/15/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 11 to Kawai depo.).

155.   2/20/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 12 to Kawai depo.).

156.   3/5/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 13 to Kawai depo.).

157.   6/26/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 14 to Kawai depo.).

158.   7/11/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 15 to Kawai depo.).

159.   7/30/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 16 to Kawai depo.).

160.   7/30/07 fax transmittal Mr. Watters to Dr. Kawai (depo. ex. 17 to Kawai depo.).

161.   12/13/06 fax transmittal Mr. Watters to Dr. Kawai (depo. ex. 18 to Kawai depo.).

162.   7/31/07 letter from Mr. Watters to Dr. Kawai (depo. ex. 19 to Kawai depo.).

163.   12/19/06 Epperson neuropsychological eval. (depo. ex. 20 to Kawai depo.).

48

164.   7/3/07 Bruno life care plan (depo. ex. 21 to Kawai depo.).

165.   7/31/07 fax from Mr. Watters to Dr. Kawai (depo. ex. 22 to Kawai depo.).

166.   12/6/05 letter from Dr. Dominic re Brian Hall (depo. ex. 23 to Kawai depo.).

167.   1/30/07 physician's progress report (depo. ex. 25 to Kawai depo.).

168.   2/6/07 Galli operative report (depo. ex. 26 to Kawai depo.).

169.   1/5/07 fax to Mr. Watters from Paradigm (depo. ex. 27 to Kawai depo.).

170.   6/6/06 letter from Mr. Meyer to Paradigm (depo. ex. 28 to Kawai depo.).

171.   6/21/06 operative report (depo ex. 29 to Kawai depo.).

172.   Letter from Dr. Dominic to whom it may concern (depo. ex. 30 to Kawai depo.).

173.   12/12/05 letter from Dr. Dominic to whom it may concern (depo. ex. 31 to Kawai depo.).

174.   11/3/05 Forestry and Fire Report (depo. ex. 32 to Kawai depo.).

175.   5/26/06 operative report (depo. ex. 33 to Kawai depo.).

176.   5/26/06 operative report (depo. ex. 34 to Kawai depo.).

177.   1/17/07 Han initial evaluation (depo. ex. 35 to Kawai depo.).

178.   Hospital records (depo. ex. 39 to Kawai depo.).

**49**

179.   Progress report (depo. ex. 40 to Kawai depo.).

180.   Progress report (depo. ex. 41 to Kawai depo.).

181.   Fresno County Sheriff's Report (depo. ex. 42 to Kawai depo.).

182.   University Medical Center records (depo. ex. 43 to Kawai depo.).

183.   4/3/06 Paradigm progress report (depo ex. 44 to Kawai depo.).

184.   11/18/05 Paradigm progress report (depo. ex. 45 to Kawai depo.).

185.   10/17/05 outcome plan contract - Zurich (depo ex. 46 to Kawai depo.).

186.   12/30/05 Paradigm progress report (depo ex. 47 to Kawai depo.).

187.   2/6/06 Paradigm progress report (depo. ex. 48 to Kawai depo.).

188.   10/4/05 Paradigm initial update for Hall (depo. ex. 49 to Kawai depo.).

189.   4/17/06 Klein operative report (depo. ex. 50 to Kawai depo.).

190.   4/26/06 final report (depo. ex. 51 to Kawai depo.).

191.   3/8/06 Klein operative report (depo. ex. 52 to Kawai depo.).

192.   3/22/06 Klein operative report (depo. ex. 53 to Kawai depo.).

193.   4/24/06 Henning discharge summary (depo. ex. 54 to Kawai depo.).

194.   4/26/06 final report (depo. ex. 55 to Kawai depo.).

195.   5/26/06 Polyclinic Clinical summary (depo. ex. 56 to Kawai depo.).

196.   4/25/06 Paradigm progress report (depo. ex. 57 to Kawai depo.).

197.   2/27/06 Paradigm progress report (depo. ex. 58 to Kawai depo.).

198.   5/24/06 Paradigm progress report (depo. ex. 59 to Kawai depo.).

199.   8/1/06 Paradigm progress report (depo. ex. 60 to Kawai depo.).

200.   7/20/06 Paradigm progress report (depo. ex. 61 to Kawai depo.).

201.   6/25/07 Sullivan Medicolegal evaluation (depo. ex. 62 to Kawai depo.).

202.   6/8/07 Sutkin independent medical exam (depo. ex. 63 to Kawai depo.).

203.   Handwritten list of cases (depo. ex. 64 to Kawai depo.).

204.   Handwritten notes (depo. ex. 65 to Kawai depo.).

205.   Curriculum Vitae (depo. ex. 66 to Kawai depo.).

206.   Life care plan (depo. ex. 67 to Kawai depo.).

207.   Invoice (depo. ex. 68 to Kawai depo.).

208.   Laser color photos (depo. ex. 69 to Kawai depo.).

209.   Curriculum Vitae of Marianne Inouye (depo. ex. A to Inouye depo.).

210.   Expert report from Marianne Inouye dated April 25, 2007 (depo. ex. B to Inouye depo.).

211.   Summary of economic damages (depo. ex. C to Inouye

51

depo.).

212.  Summary of economic damages dated July 10, 2007 (depo. ex. D to Inouye depo.).

213.  Case information form (depo. ex. E to Inouye depo.).

214.  Telephone conference log (depo. ex. F to Inouye depo.).

215.  Expert report of Marianne Inouye dated January 13, 2007 (depo. ex. G to Inouye depo.).

216.  Expert report of Marianne Inouye dated April 24, 2007 (depo. ex. H to Inouye depo.).

217.  18-page curriculum vitae (depo. ex. 1 to Esselman depo.).

218.  Admit note dated January 30, 2006 (depo. ex. 2 to Esselman depo.).

219.  Discharge notes (depo. ex. 3 to Esselman depo.).

220.  Rehab inpatient record dated March 2, 2006 (depo. ex. 4 to Esselman depo.).

221.  Rehab inpatient record dated March 7, 2006 (depo. ex. 5 to Esselman depo.).

222.  Rehab inpatient record dated March 8, 2006 (depo. ex. 6 to Esselman depo.).

223.  Rehab inpatient record dated March 9, 2006 (depo. ex. 7 to Esselman depo.).

224.  MRI brain CT scan record (depo ex. 8 to Esselman depo.).

225.  Rehab inpatient record dated March 10, 2006 (depo. ex. 9 to Esselman depo.).

226.  Discharge summary dated April 24, 2006 (depo. ex. 10

to Esselman depo.).

227.   Collection of admit notes, discharge summaries, operative notes (depo. ex. 11 to Esselman depo.).

228.   Investigation of an explosive deslagging accident at the AES Biomass Power Plant, Mendota, CA, dated July 9, 2007 (depo. ex. 1 to Wood depo.).

229.   Curriculum Vitae for Christine T. Wood, Ph.D. (depo. ex. 2 to Wood depo.).

230.   Letter from Mr. Anderson to Mr. Nevis dated April 24, 2007 (depo. ex. 3 to Wood depo.).

231.   Invoices from Exponent to Lewis Brisbois (depo. ex. 4 to Wood depo.).

232.   Hall v. NAIS briefing binder, Dr. Christine Wood (depo. ex. 5 to Wood depo.).

233.   Timeline (draft), undated (depo. ex. 6 to Wood depo.).

234.   Investigation of an explosive deslagging accident at the AES Biomass Power Plant, Mendota, California, dated July 9, 2007 (depo. ex. 1 to Anderson depo.).

235.   Hall v. NAIS briefing binder, Dr. Larry Anderson (depo. ex. 2 to Anderson depo.).

236.   Trials and depositions Larry W. Anderson, Ph.D., P.E., 1993 to 2007 (depo ex. 3 to Anderson depo.).

237.   Handwritten chart of time line, undated (depo. ex. 4 to Anderson depo.).

238.   Hall v. NAIS deposition indexes, Dr. Larry Anderson (depo. ex. 5 to Anderson depo.).

239.   June 20, 2007 letter to Rod Hall from Richard C. Watters (depo. ex. 2 to Rodrick Hall depo.).

240.   July 12, 2007 letter to Rod Hall from William J. Seiler (depo. ex. 3 to Rodrick Hall depo.).

241.   January 20, 2005 letter to Paul Rake from Brad McGinnis (depo. ex. 4 to Rodrick Hall depo.).

242.   AES Mendota, L.P., B. personal protective equipment survey (depo ex. 5 to Rodrick Hall depo.).

243.   September 13, 2006 letter to Brad McGinnis from Richard C. Watters (depo ex. 6 to Rodrick Hall depo.).

244.   January 2, 2007 letter to Brad McGinnis from Richard C. Watters (depo. ex. 7 to Rodrick Hall depo.).

245.   January 2, 2007 letter to Brad McGinnis from Richard C. Watters (depo. ex. 8 to Rodrick Hall depo.).

246.   October 26, 2006 letter to Brad McGinnis from Richard C. Watters (depo. ex. 9 to Rodrick Hall depo.).

247.   May 9, 2006 letter to Brad McGinnis from Richard C. Watters (depo ex. 10 to Rodrick Hall depo.).

248.   North American Industrial Services, Inc. Training Manual for Explosive Personnel, Bates NAI 00711-00760 (depo. ex. 11 to Rodrick Hall depo.).

249.   July 6, 2006 letter to Brad McGinnis from Richard C. Watters (depo. ex. 12 to Rodrick Hall depo.).

250.   December 21, 2006 letter to Brad McGinnis from Richard C. Watters (depo. ex. 14 to Rodrick Hall depo.).

251.   Defendant North American Industrial Services, Inc.'s initial Rule 26(a)(1) disclosures (depo. ex. 15 to Rodrick Hall depo.).

252.   Appendix 16.1, explosives training manual (depo. ex. 16 to Rodrick Hall depo.).

253.  **Expert report – summary of economic damages claimed prepared by Mr. Vavoulis (depo. ex. 2 to Vavoulis depo.).**

254.  **Witness notes (depo. ex. 3 to Vavoulis depo.).**

255.  **Table 8 – Zengler & Inouye report (depo. ex. 4 to Vavoulis depo.).**

256.  **Table 7 – Zengler & Inouye Report (depo. ex. 5 to Vavoulis depo.).**

257.  **President's report on yield by year (depo. ex. 6 to Vavoulis depo.).**

258.  **Reports, photographs, and DVDs prepared by Kimble Clark, Ph.D.**

259.  **Reports, photographs, and DVDs prepared by Douglas Olson, Ph.D.**

260.  **Reports, photographs and DVDs prepared by Jon Moldestad, Ph.D.**

261.  **Reports prepared by Ted Vavoulis, MS.**

262.  **Reports prepared by Steven Koobatian, Ph.D.**

263.  **Reports prepared by Gene Bruno.**

264.  **Reports prepared by Dennis Sullivan, M.D.**

265.  **Reports prepared by Howard Sutkin, M.D.**

266.  **Paycheck to plaintiff Brian N. Hall from Thermendota, Inc. and Brian Hall's W-2 form from 2005 (attached as Exhibit "C" to NAIS' opposition for MSJ).**

267.  **November 17, 2005 check issued to Foster Wheeler Services in the name of Thermendota, Inc. in Mendota, CA and accompanying invoice (attached as Exhibit "F" to NAIS' opposition for MSJ.).**

268.  **Plaintiff Brian N. Hall's October 12, 2005 application**

1  of adjudication of claim against The AES Corporation to the
2  Workers' Compensation Appeals Board (attached as Exhibit "G" to
3  NAIS' opposition of MSJ.).

4       269.   October 27, 2005 Notice of Application from the
5  Workers' Compensation Appeals Board relating to The AES
6  Corporation (attached as Exhibit "H" to NAIS' opposition for
7  MSJ.).

8       270.   True and correct copy of the October 11, 2005 letter
9  from David Morse & Associates to North American regarding paying
10 out workers' compensation on behalf of The AES Corporation
11 (attached as Exhibit "I" to NAIS' opposition for MSJ).

12      271.   February 7, 2006, letter from Zurich Insurance to
13 Plaintiff's counsel, Richard C. Watters, regarding its insured
14 "the AES Corporation" and the workers' compensation case relating
15 to Plaintiff Brian Hall (attached as Exhibit "J" to NAIS'
16 opposition for MSJ).

17      272.   February 18, 2004, loss control survey report from
18 Starr Technical Risks Agency, Inc., submitted to both The AES
19 Corporation and the Mendota Power Plant (attached as Exhibit "V"
20 to NAIS' opposition for MSJ).

21      273.   March 1, 2006, loss prevention report from Global Risk
22 Consultants for both The AES Corporation and AES Mendota, L.P.
23 (attached as Exhibit "W" to NAIS' opposition for MSJ).

24      274.   "Customer Loss Experience Report Summary" from St.
25 Paul Travelers on behalf of AES Mendota with an account name of
26 "The AES Corporation" (attached as Exhibit "X" to NAIS'
27 opposition for MSJ).

28      275.   May 2004 Permits to Operate Air Pressure Tanks and

Steam Boilers (attached as Exhibit "Y" to NAIS' opposition for MSJ).

276.  Deposition transcript and exhibits of David Michael Sansom dated December 21, 2005.

277.  Deposition transcript and exhibits of David Righthouse dated December 21, 2005.

278.  Deposition transcript and exhibits of Mark Holbrook dated December 21, 2005.

279.  Deposition transcript and exhibits of James T. Smith dated December 21, 2005.

280.  Letter from Molly Finnegan dated January 13, 2006, with the following enclosures:  (a) Job Safety Analysis dated August 15, 2005 for the cyclone clean out on September 20, 2005; (b) email from Mark Holbrook, dated December 27, 2005; (c) summary of repairs done on broiler and related equipment from September 20, 2004 through September 2005 (attached to Plaintiffs' Initial Disclosures).

281.  Photographs provided by Mr. Watters' office of the subject accident scene.

282.  Medical records prepared by William Dominic, M.D. dated December 6, 12, and 14, 2005 (attached to Plaintiffs' Initial Disclosures).

283.  Letter dated February 7, 2006 with enclosures including the following:  Copy of medical reports dated from October 7, 2005 through November 21, 2005 (attached to Plaintiffs' Initial Disclosures).

284.  Medical records from UMC pertaining to Mr. Hall's stay from September 2006 to November 2006 (attached to Plaintiffs'

1  Supplemental Initial Disclosures).

2    285.  Medical records from Poly Clinic pertaining to Mr.
3  Hall's treatment (attached to Plaintiffs' Supplemental Initial
4  Disclosures).

5    286.  Reports from Randi Galli, M.D., pertaining to Mr.
6  Hall's treatment dated December 18, 2006 and February 6, 2007
7  attached to Plaintiffs' Supplemental Initial Disclosures).

8    287.  Reports prepared by John Edwards, M.D., pertaining to
9  Brian Hall (attached to Plaintiffs' Supplemental Initial
10  Disclosures).

11    288.  Initial Evaluation report dated January 17, 2007
12  prepared by Hongshik Han, M.D. (attached to Plaintiffs'
13  Supplemental Initial Disclosures).

14    289.  Copies of documents produced by way of subpoena from
15  Mining and Tunneling Unit (attached to Plaintiffs' Supplemental
16  Initial Disclosures).

17    290.  Medical records pertaining to Jean Hall from Arlene
18  Costa (attached to Plaintiffs' Supplemental Initial Disclosures).

19    291.  Medical records pertaining to Jean Hall from Jagmeet
20  Chann (attached to Plaintiffs' Supplemental Initial Disclosures).

21    292.  Medical records pertaining to Jean Hall from Gary
22  Matson, M.D. (attached to Plaintiffs' Supplemental Initial
23  Disclosures).

24    293.  Medical records pertaining to Jean Hall from Carol
25  Workman, M.D. (attached to Plaintiffs' Supplemental Initial
26  Disclosures).

27    294.  Plaintiffs' Federal Tax returns for years 1998 through
28  2005 (attached to Plaintiffs' Response to NAIS' Demand for

1   Production, Set One).

2       295.   Plaintiffs' California State Income Tax Returns for

3   years 2004 and 2005 (attached to Plaintiffs' Response to NAIS'

4   Demand for Production, Set One).

5       296.   Form 40N Nonresident for the year 1998 (attached to

6   Plaintiffs' Response to NAIS' Demand for Production, Set One).

7       297.   Oregon Individual Income Tax Return Nonresident Form

8   40N for years 1999 and 2000 (attached to Plaintiffs' Response to

9   NAIS' Demand for Production, Set One).

10      298.   Workers' compensation file held by Plaintiffs'

11  attorneys (attached to Plaintiffs' Response to NAIS' Demand for

12  Production, Set One).

13      299.   Application for Adjudication of Claim filed with

14  Workers' Compensation Appeals Board by Plaintiffs (attached to

15  Plaintiffs' Response to NAIS' Demand for Production, Set One).

16      300.   Doctor's First Report of Occupational Injury or

17  Illness from Mark Maertin, M.D./UMC dated April 20, 2005

18  (attached to Plaintiffs' Response to NAIS' Demand for Production,

19  Set One).

20      301.   Standard Relocation Package (attached to Plaintiffs'

21  Response to NAIS' Demand for Production, Set Two).

22      302.   AES Mendota Domestic US Relocation Guidelines

23  (attached to Plaintiffs' Response to NAIS' Demand for Production,

24  Set Two).

25      303.   Direct Deposit Voucher with attached Earnings

26  Statement from Thermendota to Brian Hall (attached to Plaintiffs'

27  Response to NAIS' Demand for Production, Set Two).

28      304.   Safety and AES Mendota (attached to Plaintiffs'

Response to NAIS' Demand for Production, Set Two).

305.   Documents produced by Life Cycle Engineering regarding Plaintiff Brian Hall.

306.   Documents produced by Judith Knapp, Ph.D.

307.   Documents produced by Gary Matson, M.D.

308.   Documents produced by Bill Meyer, M.D.

309.   Documents produced by Carol Workman, M.D.

310.   Documents produced by Jagmeet Chann, M.D.

311.   Documents produced by Cal OSHA.

312.   Documents produced by Oasis Alignment Service.

313.   Documents produced by Haverhill High School.

314.   Documents produced by University of Phoenix.

315.   Documents produced by Harborview Medical Center.

316.   Documents produced by UMC.

317.   Documents produced by Zurich North American.

318.   Work Order Equipment Tag documents dated December 27, 2005 (produced by Plaintiffs).

319.   Reports and photographs prepared by Joseph Romig, Ph.D.

320.   Reports and photographs prepared by Claire Austin, Ph.D.

321.   Reports and photographs prepared by Jim Flynn, P.E.

322.   Reports prepared by Leyla Azmoun, M.D.

323.   Reports and photographs prepared by Randall Epperson, Ph.D.

324.   Reports and photographs prepared by Rod Hall.

325.   Reports prepared by Marianne Inouye.

326.   Reports and photographs prepared by Sharon Kawai, M.D.

327.   Reports prepared by Rick Sarkisian, Ph.D.

328.   AES Job Safety Analysis Instructions [AES 0000001–AES 0000009].

329.   Cal-OSHA documents - Citation and Notification of Penalty, Notice of Proposed Penalties, Notice of No Accident Related Violation After Investigation, Employee Witness Statements of Mark Holbrook and Jim Smith [AES 0000010–AES 0000020].

330.   Gotaverken Energy - Project/Provider - Drawings - Arrangement of Pipes and CFB Boiler [AES 0000021–AES 0000051].

331.   Drawings by J.T. Thorpe of Hot Glass Cyclone and Combuster [AES 0000052–AES 0000069].

332.   AES Fire Prevention Plan [AES 0000060–AES 0000106].

333.   AES Employee Policy Handbook [AES 0000236–AES 0000265].

334.   AES Employee Safety Orientation [AES 0000236–AES 0000265].

335.   AES Safety Docs:  2005 Safety Training Attendance, etc. [AES 0000266–AES 0000321].

336.   AES Emergency Action Plan [AES 0000322–AES 0000364].

337.   Fresno County Sheriff's Department Incident Report - [9/20/05] [AES 0000365–AES 0000369].

338.   AES Safety Compliance Manual [AES 0000370- AES 0000713].

339.   AES Safety Training Lesson Plan [AES 0000714- AES 0000748].

340.   Department of Forestry and Fire Protection Fire Report [9/20/05] [AES 0000749- AES 0000752].

341.   AES Mendota time sheets pay period of 9/20/05 [AES

1    0000753- AES 0000792].

2         342.  Circulating Fluidized Bed Boiler Operating &
3    Maintenance Instruction Vol. 1A [AES 0000793- AES 0001030].

4         343.  Circulating Fluidized Bed Boiler Operating &
5    Maintenance Instruction Vol. 1B [AES 0001031- AES 0001527].

6         344.  Circulating Fluidized Bed Boiler Operating &
7    Maintenance Instruction Vol. 2 [AES 0001573-AES 0002066].

8         345.  Circulating Fluidized Bed Boiler Operating &
9    Maintenance Instruction Vol. 3A [AES 0002067-AES 0002883].

10        346.  Circulating Fluidized Bed Boiler Operating &
11   Maintenance Instruction Vol. 3b [AES 0002884-AES 0003527].

12        347.  Circulating Fluidized Bed Boiler Operating &
13   Maintenance Instruction Vol. 4a [AES 0003528-AES 0004175].

14        348.  Circulating Fluidized Bed Boiler Operating &
15   Maintenance Instruction Vol. 4B [AES 0004176-AES 0004809].

16        349.  Circulating Fluidized Bed Boiler Operating &
17   Maintenance Instruction Vol. 5 [AES 0004810-AES 0005277].

18        350.  Firm Orders:  2002 - Vol. 1 [AES 0005278-AES 0005858].
19        351.  Firm Orders:  2002 - Vol. 2 [AES 0005857-AES 0006528].
20        352.  Firm Orders:  2003 - Vol. 1 [AES 0006529-AES 0007108].
21        353.  Firm Orders:  2003 - Vol. 2 [AES 0007109-AES 0007645].
22        354.  Firm Orders:  2003 - Vol. 3 [AES 0007646-AES 0008298].
23        355.  Firm Orders:  2004 - Vol. 1 [AES 0008299-AES 0008748].
24        356.  Firm Orders:  2004 - vol. 2 [AES 0008749-AES 0009496].
25        357.  Firm Orders:  2005 - Vol. 1 [AES 0009497-AES 0010067].
26        358.  Firm Orders:  2005 - Vol. 2 [AES 0010068-AES 0010216].
27        359.  Firm Orders:  2005 - Vol. 3 [AES 0010217-AES 0010587].
28        360.  Firm Orders:  2006 [AES 0010588-AES 0010999].

361.   Firm Orders:  2004 AND 2005 [AES 0011000-AES 0011456].

362.   AES documents - reports re accident - drawings, etc. [AES 0011457-AES 0011639].

363.   Photographs [AES 0011640].

364.   Work Order Complete Reports [AES 0011641].

365.   DVD - Initial explosion and fire [AES 0011642].

366.   Accident Report Form - AES Mendota re previous accident - Ronoa Smith [AES 0011643-AES 0011652].

367.   Incident Investigation Report - AES Mendota re previous accident - Jeff Carver [AES 0011654-AES 0011667].

368.   Letter from State of California Dept. of Food and Ag dated December 29, 2005 re Green Waste Receiver - permission granted to Keith Speak to receive Oak Mortality Disease host material [AES 0011668-AES 0011674].

369.   San Joaquin Valley Air Pollution Control District - Facility Wide Requirements, and Permit Unit Requirements [AES 0011675-AES 0011689].

370.   Mendota Bio Mass Generator Vibrations [AES 0011690-AES 0011745].

371.   Docs responsive to Request No. 1:  Injury & Illness Prevention program (Documents produced by AES on March 21, 2007).

372.   Docs responsive to Request No. 2:  Safety Management Plan, Radiation Safety Program, Injury & Illness Prevention Program, Contractor Safety Plan, Fire Prevention Plan, Process Safety Management Plan, Personal Protection Equipment Program, Hearing Conservation Program, Respiratory Protection Program, Exposure Control Program, Hazard Communication Program, Lockout/Tagout Program, Confined Space Entry Program, Electrical

1  Safety Program, Lead Abatement Program, Motor Vehicle Safety
2  Program (Documents produced by AES on March 21, 2007).

3        373.   Docs Responsive to Request No. 3:   Log of work-related
4  injuries and illnesses (documents produced by AES on March 21,
5  2007).

6        374.   Docs Responsive to Request No. 4:   citation and
7  notification of penalty from Cal OSHA (03/09/06) (Documents
8  produced by AES on March 21, 2007).

9        375.   Docs Responsive to Request No. 5 & 8:   Notice of No
10  Accident Related Violation after Investigation (Documents
11  produced by AES on March 21, 2007)

12        376. Docs Responsive to Request No. 6:   AES Corporation Loss
13  Control Survey Report dated February 18, 2004 (Documents produced
14  by AES on March 21, 2007)

15        377. Docs Responsive to Request No. 8:   Starr Technical
16  Risks Agency Report, Global Risk Consultants' Loss Prevention
17  Report, Starr Technical Risks Agency Summary of Objects Inspected
18  and Conditions Found, Letter from Arise to AES Corporation re
19  jurisdictional inspection (Documents produced by AES on March 21,
20  2007)

21        378. Docs Responsive to Request No. 9:   Safety Tests given
22  to AES employees, Bruce Hoyt Safety Training Service tests,
23  Employee Safety Orientation, AES Mendota Monthly Safety Training,
24  Bruce Hoyt Safety Training Sign-In Forms, Mendota Biomass Sign-In
25  Sheets (Documents produced by AES on March 21, 2007)

26        379. Docs Responsive to Request No. 10:   Letters from AES to
27  various employees regarding safety concerns (Documents produced
28  by AES on March 21, 2007)

380. Docs Responsive to Request No. 11:  AES Mendota Safety Orientation Record (Documents produced by AES on March 21, 2007)

381. Docs Responsive to Request No. 12:  San Joaquin Valley Air Pollution Permit Applications (Documents produced by AES on March 21, 2007)

382. Docs Responsive to Request No. 14:  Job Safety Analysis Instructions (Documents produced by AES on March 21, 2007)

383. Docs Responsive to Request No. 15:  Work Order Brief Reports (Documents produced by AES on March 21, 2007)

384. Docs Responsive to Request No. 17:  Job Descriptions (Documents produced by AES on March 21, 2007)

385. Docs Responsive to Request No. 19:  Incident Report (March 5, 2007) (Documents produced by AES on March 21, 2007)

386. Docs Responsive to Request No. 29:  Customer Loss Experience Report Summary (Documents produced by AES on March 21, 2007)

387. Docs Responsive to Request No. 30:  Safety Compliance Manual List of Current Revisions (Documents produced by AES on March 21, 2007)

388. Docs Responsive to Request No. 32:  Lockout/Tagout Program (Revision 2) (Documents produced by AES on March 21, 2007)

389. Docs Responsive to Request No. 33:  Safety Certifications of Completion (Documents produced by AES on March 21, 2007)

390. Docs Responsive to Request No. 38:  Maintenance Work Orders (Documents produced by AES on March 21, 2007)

391. Docs Responsive to Request No. 40:  Letter with

attachments from Foster Wheeler Constructors, Inc. (Documents produced by AES on March 21, 2007)

392. Docs Responsive to Request No. 41:  Records regarding flow and steam of equipment (Documents produced by AES on March 21, 2007)

393. Docs Responsive to Request No. 43:  Tagout/Logout Permits (Documents produced by AES on March 21, 2007)

394. Docs Responsive to Request No. 44:  Fuel Type Deliveries Summary (Documents produced by AES on March 21, 2007)

395. Docs Responsive to Request No. 46:  PM Master Schedule List (Documents produced by AES on March 21, 2007)

396. Docs Responsive to Request No. 47:  Confined Space Entry Program (Documents produced by AES on March 21, 2007)

397. Docs Responsive to Request No. 49:  Personal Protection Equipment Program (Documents produced by AES on March 21, 2007)

398. Job description of Paul Mikolaycik [attached to AES Response to NAIS' Request for Production (Set Two)]

399. Reports and photographs prepared by Larry Anderson, Ph.D.

400. Reports and photographs prepared by Christine Wood, Ph.D.

401. All deposition transcripts in this matter.

402. All unnamed and named exhibits attached to depositions taken in this matter.

403. All documents, items and things produced by the parties in response to written discovery in this matter.

404. All reports, documents, photographs, diagrams, writing of any kind, medical or otherwise, prepared by the expert

1   witnesses designated in this matter.

2         405. Various photographs and enlargements.

3         406. All records and films subpoenaed from any source in

4   this matter.

5                        XI.   DISCOVERY DOCUMENTS

6         Only specifically designated discovery requests and

7   responses will be admitted into evidence.  Any deposition

8   testimony shall be designated by page and line and such

9   designations filed with the Court on or before October 5, 2007.

10  The opposing party shall counter-designate by line and page from

11  the same deposition and shall file written objections to any

12  question and answer designated by the opposing party and filed

13  with the court on or before October 12, 2007.

14        Written discovery shall be identified by number of the

15  request.  The proponent shall lodge the original discovery

16  request and verified response with the courtroom deputy one day

17  prior to trial.  The discovery request and response may either be

18  read into evidence, or typed separately, marked as an exhibit, as

19  part of the exhibit marking process, and offered into evidence.

20  A.   Plaintiff's List

21       Document:            Special Interrogatory
         Propounding Party:   Plaintiff, Brian Hall
22       Responding Party:    Defendant, North American Industrial
                              Services, Inc.
23       Set Number:          1
         Date:                May 2, 2007
24

25       Document:            Response to Special Interrogatory
         Propounding Party:   Plaintiff, Brian Hall
26       Responding Party:    Defendant, North American Industrial
                              Services, Inc.
27       Set Number:          1
         Date:                May 31, 2007
28

                                67

| | |
|---|---|
| Document: | Demand for Inspection of Documents |
| Propounding Party: | Plaintiffs, Brian N. Hall and Jean M. Hall |
| Responding Party: | Defendants, North American Industrial Services, Inc. |
| Set Number: | 1 |
| Date: | May 16, 2006 |

| | |
|---|---|
| Document: | Defendant's Response to Demand for Inspection of Documents |
| Propounding Party: | Plaintiffs, Brian N. Hall and Jean M. Hall |
| Responding Party: | Defendant, North American Industrial Services, Inc. |
| Set Number: | 1 |
| Date: | June 30, 2006 |

| | |
|---|---|
| Document: | Demand for Inspection of Documents |
| Propounding Party: | Plaintiffs, Brian N. Hall and Jean M. Hall |
| Responding Party: | Defendant, North American Industrial Services, Inc. |
| Set Number: | 2 |
| Date: | August 21, 2006 |

| | |
|---|---|
| Document: | Defendant's Response to Demand for Inspection of Documents |
| Propounding Party: | Plaintiffs, Brian N. Hall and Jean M. Hall |
| Responding Party: | Defendant, North American Industrial Services, Inc. |
| Set Number: | 2 |
| Date: | September 28, 2006 |

| | |
|---|---|
| Document: | Demand for Inspection of Documents |
| Propounding Party: | Plaintiffs, Brian N. Hall and Jean M. Hall |
| Responding Party: | Defendants, North American Industrial Services, Inc. |
| Set Number: | 3 |
| Date: | October 3, 2006 |

| | |
|---|---|
| Document: | Defendant's Response to Demand for Inspection of Documents (Set Three) |
| Propounding Party: | Plaintiffs, Brian N. Hall and Jean Hall |
| Responding Party: | Defendant, North American Industrial Services, Inc. |
| Set Number: | 3 |
| Date: | November 1, 2006 |

| | |
|---|---|
| Document: | Third Party Defendants' Request for Production of Documents and Tangible Things to Plaintiff Brian Hall |

| | |
|---|---|
| Propounding Party: | Third Party Defendants, AES Mendota, L.P. (Erroneously sued herein as AES - Mendota L.P. and formerly known as MENDOTA BIOMASS POWER, LTD.) and the AES Corporation (erroneously sued herein as AES Corporation) |
| Responding Party: | Plaintiff, Brian Hall |
| Set Number: | 1 |
| Date: | February 21, 2007 |
| | |
| Document: | Plaintiff, Brian Hall's Responses and Objections to Demand for Production of Documents |
| Propounding Party: | Third Party Defendants, AES Mendota L.P. and The AES Corporation |
| Responding Party: | Plaintiff, Brian N. Hall |
| Set Number: | 1 |
| Date: | March 2, 2007 |
| | |
| Document: | Request for Production of Documents |
| Propounding Party: | Defendant, North American Industrial Services, Inc. |
| Responding Party: | Plaintiff, Brian N. Hall |
| Set Number: | 1 |
| Date: | August 3, 2006 |
| | |
| Document: | Plaintiff's Response and Objections to Demand for Inspection of Documents |
| Propounding Party: | Defendant, North American Industrial Services, Inc. |
| Responding Party: | Plaintiff, Brian N. Hall |
| Set Number: | 1 |
| Date: | August 30, 2006 |
| Document: | Request for Production of Documents |
| Propounding Party: | Defendant, North American Industrial Services, Inc. |
| Responding Party: | Plaintiff, Brian N. Hall |
| Set Number: | 2 |
| Date: | October 6, 2006 |
| | |
| Document: | Response to Request for Production of Documents |
| Propounding Party: | Defendant, North American Industrial Services, Inc. |
| Responding Party: | Plaintiff, Brian N. Hall |
| Set Number: | 2 |
| Date: | October 19, 2006 |
| | |
| Document: | Plaintiff's Supplemental Response and Objections to Demand for Inspection of |

```
                              Documents
Propounding Party:    Defendant, North American Industrial
                      Services, Inc.
Responding Party:     Plaintiff Brian N. Hall
Set Number:           1
Date:                 May 7, 2007


Document:             Interrogatories
Propounding Party:    Defendant, Third-Party Plaintiff, and
                      Counter-Defendant, North American
                      Industrial Services, Inc.
Responding Party:     Plaintiff, Brian N. Hall
Set Number:           1
Date:                 April 16, 2007

Document:             Plaintiff's Responses to Special
                      Interrogatories
Propounding Party:    Defendant, Third Party Plaintiff, and
                      Counter Defendant, North American
                      Industrial Services, Inc.
Responding Party:     Plaintiff, Brian N. Hall
Set Number:           1
Date:                 May 15, 2007


Document:             Request for Admissions
Propounding Party:    Defendant, North American Industrial
                      Services, Inc.
Responding Party:     Defendant, Brian N. Hall
Set Number:           1
Date:                 October 6, 2006


Document:             Plaintiff's Response to Request for
                      Admissions
Propounding Party:    Defendant, North American Industrial
                      Services, Inc.
Responding Party:     Plaintiff, Brian N. Hall
Set Number:           1
Date:                 October 19, 2006

Document:             Request for Production of Documents to
                      Plaintiffs Brian N. Hall and Jean Hall
Propounding Party:    Defendant, The AES Corporation
Responding Party:     Plaintiff, Brian N. Hall and Jean Hall
Set Number:           1
Date:                 June 12, 2007


Document:             Plaintiffs' Responses to Request for
                      Production of Documents
Propounding Party:    Defendants, AES Mendota, L.P., and The
                      AES Corporation
Responding Party:     Plaintiffs, Brian N. Hall and Jean Hall
```

```
Set Number:              1
Date:                    July 10, 2007


Document:                Interrogatories to Plaintiffs Brian N.
                         Hall and Jean Hall, Set No. One
Propounding Party:       Defendant, The AES Corporation
Responding Party:        Plaintiffs, Brian N. Hall and Jean Hall
Set Number:              1
Date:                    June 12, 2007


Document:                Plaintiffs' Responses to Special
                         Interrogatories
Propounding Party:       Defendants, AES Mendota L.P. and The AES
                         Corporation
Responding Party:        Plaintiffs, Brian N. Hall and Jean Hall
Set Number:              1
Date:                    July 10, 2007

Document:                Interrogatories to Defendant, the AES
                         Corporation, Set One
Propounding Party:       Plaintiffs, Brian N. Hall and Jean M.
                         Hall
Responding Party:        Defendant, the AES Corporation
Set Number:              1
Date:                    March 14, 2007


Document:                Defendant the AES Corporation's Response
                         to Plaintiffs' Special Interrogatories,
                         Set No. One
Propounding Party:       Plaintiffs, Brian N. Hall and Jean M.
                         Hall
Responding Party:        Defendant, The AES Corporation
Set Number:              1
Date:                    April 25, 2007


Document:                Request for Production of Documents to
                         Third Party Defendant North American
                         Industrial Services, Inc., Set No. One
Propounding Party:       Third Party Defendants, The AES
                         Corporation and AES Mendota, L.P.
Responding Party:        Third Party Plaintiff, North American
                         Industrial Services, Inc.
Set Number:              1
Date:                    June 11, 2007

Document:                Request for Production of Documents to
                         Third Party Defendant North American
                         Industrial Services, Inc., Set No. One
Propounding Party:       Third Party Defendants, The AEs
                         Corporation and AES Mendota, L.P.
Responding Party:        Third Party Plaintiff, North American
                         Industrial Services, Inc.
```

71

1    Set Number:              1
     Date:                    June 11, 2007
2

3    Document:                Response To Request for Production of
                              Documents (Set One)
4    Propounding Party:       Third Party Defendants, The AES
                              Corporation and AES Mendota, L.P.
5    Responding Party:        Third Party Plaintiff North American
                              Industrial Services, Inc.
6    Set Number:              1
     Date:                    July 9, 2007
7

8    Document:                Interrogatories to Third Party Defendant
                              North American Industrial Services,
9                             Inc., Set No. One
     Propounding Party:       Third Party Defendants, The AES
10                            Corporation and AES Mendota, L.P.
     Responding Party:        Third Party Plaintiff, North American
11                            Industrial Services, Inc.
     Set Number:              1
12   Date:                    June 12, 2007

13   Document:                Response to Special Interrogatories (Set
                              One)
14   Propounding Party:       Third Party Defendants the AES
                              Corporation and AES Mendota, L.P.
15   Responding Party:        Third Party Plaintiff, North American
                              Industrial Services, Inc.
16   Set Number:              1
     Date:                    July 13, 2007
17

18   Document:                Request for Production of Documents (Set
                              Two)
19   Propounding Party:       Defendant, North American Industrial
                              Services, Inc.
20   Responding Party:        Defendant, The AES Corporation
     Set Number:              2
21   Date:                    April 10, 2007

22   Document:                Defendant the AES Corporation's Response
                              to Defendant North American Industrial
23                            Services, Inc.'s Request for Production
                              of Documents, Set Two
24   Propounding Party:       Defendant, North American Industrial
                              Services, Inc.
25   Responding Party:        Defendant, The AES Corporation
     Set Number:              2
26   Date:                    May 8, 2007

27

28   Document:                Request for Production of Documents
     Propounding Party:       Defendant, North American Industrial

                                   72

```
                              Services, Inc.
          Responding Party:   Defendant, The AES Corporation
          Set Number:         1
          Date:               March 20, 2007


          Document:           The AES Corporation's Responses to North
                              American Industrial Services, Inc.'s
                              Request for Production of Documents, Set
                              One
          Propounding Party:  Third Party Plaintiff, North American
                              Industrial Services, Inc.
          Responding Party:   Third Party Defendant, The AES
                              Corporation
          Set Number:         1
          Date:               April 19, 2007


          Document:           The AES Corporation's Responses to North
                              American Industrial Services, Inc.'s
                              Request for Production of Documents, Set
                              One
          Propounding Party:  Third Party Plaintiff, North American
                              Industrial Services, Inc.
          Responding Party:   Third Party Defendant, The AES
                              Corporation
          Set Number:         1
          Date:               March 28, 2007


          Document:           Response to Request for Production of
                              Documents and Tangible Things (Set One)
          Propounding Party:  Third Party Defendants, AES Mendota,
                              L.P. and The AES Corporation
          Responding Party:   Defendant, North American Industrial
                              Services, Inc.
          Set Number:         1
          Date:               March 26, 2007


          Depositions taken by Video Tape/DVD

          Peter Esselman, M.D.
          Harborview Medical Center
          Department of Rehabilitation Medicine
          325 9th Avenue
          Seattle, Washington 98104

          Christine Wood, Ph.D.
          EXPONENT FAILURE ANALYSIS ASSOCIATES
          149 Commonwealth Drive
          Menlo Park, California 94025
          (650) 326-9400
```

73

Larry Anderson, Ph.D., P.E.
**EXPONENT FAILURE ANALYSIS ASSOCIATES**
149 Commonwealth Drive
Menlo Park, California 94025
(650) 326-9400

William J. Dominic, M.D.
**COMMUNITY REGIONAL MEDICAL CENTER**
2823 Fresno Street
Fresno, California 93721
(559) 459-6000

Shawn David Sicard
234 South Line Road
Middlegrove, New York 12850

Gary McConihay
1240 Saratoga Road
Ballston Spa, New York 12020

Christopher Scaringe
1240 Saratoga Road
Ballston Spa, New York 12020

Brian Hall
4692 West Vassar
Fresno, California 93727

Jean Hall
4692 West Vassar
Fresno, California 93727

B.   **Defendant's List**

   1.      **Defendant's Discovery Documents:**

Discovery Documents of The AES Corporation and AES Mendota,
L.P.:

| Discovery: | Request for Production |
|---|---|
| Propounding Party: | AES Corporation and AES Mendota, LP |
| Responding Party: | NAIS |
| Set Number: | 1 |
| Date: | February 21, 2007 |

| Discovery: | Response to Request for Production |
|---|---|
| Propounding Party: | AES Corporation and AES Mendota, LP |
| Responding Party: | NAIS |
| Set Number: | 1 |
| Date: | March 26, 2007 |

| Discovery: | Request for Production |
|---|---|
| Propounding Party: | AES Corporation and AES Mendota, LP |
| Responding Party: | Brian Hall |
| Set Number: | 1 |

74

```
 1    Date:                       February 21, 2007

 2
      Discovery:                  Response to Request for Production
 3    Propounding Party:          AES Corporation and AES Mendota, LP
      Responding Party:           Brian hall
 4    Set Number:                 1
      Date:                       March 2, 2007
 5
      Discovery:                  Interrogatories
 6    Propounding Party:          Brian Hall and Jean Hall
      Responding Party:           AES Corporation and AES Mendota, LP
 7    Set Number:                 1
      Date:                       March 14, 2007
 8
      Discovery:                  Response to Interrogatories
 9    Propounding Party:          Brian Hall and Jean Hall
      Responding Party:           AES Corporation and AES Mendota, LP
10    Set Number:                 1
      Date:                       April 25, 2007
11
      Discovery:                  Request for Production
12    Propounding Party:          NAIS
      Responding Party:           AES Corporation
13    Set Number:                 1
      Date:                       March 20, 2007
14
      Discovery:                  Response to Request for Production
15    Propounding Party:          NAIS
      Responding Party:           AES Corporation
16    Set Number:                 1
      Date:                       March 28, 2007
17
      Discovery:                  Request for Production
18    Propounding Party:          NAIS
      Responding Party:           AES Corporation
19    Set Number:                 2
      Date:                       April 10, 2007
20
      Discovery:                  Response to Request for Production
21    Propounding Party:          NAIS
      Responding Party:           AES Corporation
22    Set Number:                 2
      Date:                       May 11, 2007
23
      Discovery:                  Interrogatories
24    Propounding Party:          AES Corporation
      Responding Party:           Brian Hall and Jean Hall
25    Set Number:                 1
      Date:                       June 12, 2007
26
      Discovery:                  Response to Interrogatories
27    Propounding Party:          AES Corporation
      Responding Party:           Brian Hall and Jean Hall
28    Set Number:                 1
```

75

```
Date:                      July 10, 2007


Discovery:                 Request for Production
Propounding Party:         AES Corporation
Responding Party:          Brian Hall and Jean Hall
Set Number:                1
Date:                      June 12, 2007

Discovery:                 Response to Request for Production
Propounding Party:         AES Corporation
Responding Party:          Brian Hall and Jean Hall
Set Number:                1
Date:                      July 10, 2007

Discovery:                 Interrogatories
Propounding Party:         AES Corporation and AES Mendota, LP
Responding Party:          NAIS
Set Number:                1
Date:                      June 12, 2007

Discovery:                 Response to Interrogatories
Propounding Party:         AES Corporation and AES Mendota, LP
Responding Party:          NAIS
Set Number:                1
Date:                      July 13, 2007

Discovery:                 Request for Production
Propounding Party:         AES Corporation and AES Mendota, LP
Responding Party:          NAIS
Set Number:                1
Date:                      June 12, 2007

Discovery:                 Response to Request for Production
Propounding Party:         AES Corporation and AES Mendota, LP
Responding Party:          NAIS
Set Number:                1
Date:                      July 13, 2007
```

Discovery Documents of Defendant NORTH AMERICAN

| Document | Propounding Party | Responding Party | Set | Dated |
|---|---|---|---|---|
| Special Interrogatories | | | | |
| Special Interrogatories | Plaintiffs | Def. THE AES CORPORATION | 1 | 03/14/07 |
| Response to Special Interrogatories | Plaintiffs | Def. THE AES CORPORATION | 1 | 04/25/07 |

| Special Interrogatories | Def. NORTH AMERICAN INDUSTRIAL SERVICES | Plaintiff, BRIAN N. HALL | 1 | 04/16/07 |
|---|---|---|---|---|
| Response to Interrogatories | Def. NORTH AMERICAN INDUSTRIAL SERVICES | Plaintiff, BRIAN N. HALL | 1 | 05/15/07 |
| Special Interrogatories | Plaintiff BRIAN HALL | Def. NORTH AMERICAN INDUSTRIAL SERVICES | 1 | 05/02/07 |
| Response to Special Interrogatories | Plaintiff BRIAN HALL | Def. NORTH AMERICAN INDUSTRIAL SERVICES | 1 | 05/31/07 |
| Special Interrogatories | Def. THE AES CORPORATION | Plaintiffs | 1 | 06/12/07 |
| Response to Special Interrogatories | Def. THE AES CORPORATION | Plaintiffs | 1 | 07/10/07 |
| Special Interrogatories | Defs. AES MENDOTA, etc. | Third-Party Plaintiff NORTH AMERICAN INDUSTRIAL SERVICES, INC. | 1 | 06/12/07 |
| Response to Special Interrogatories | Defs. AES MENDOTA, etc. | Third-Party Plaintiff NORTH AMERICAN INDUSTRIAL SERVICES, INC. | 1 | 07/13/07 |
| Request for Admissions | | | | |
| Request for Admissions | Def. NORTH AMERICAN INDUSTRIAL SERVICES | Plaintiff BRIAN N. HALL | 1 | 10/06/06 |
| Response to Request for Admissions | Def. NORTH AMERICAN INDUSTRIAL SERVICES | Plaintiff BRIAN N. HALL | 1 | 10/19/06 |
| Demand for Production of Documents | | | | |
| Demand for Production | Plaintiffs | Def. NORTH AMERICAN | 1 | 05/17/06 |

77

| | | | | |
|---|---|---|---|---|
| Response to Demand for Production | Plaintiffs | Def. NORTH AMERICAN | 1 | 06/30/06 |
| Demand for Production | Def. NORTH AMERICAN | Plaintiff BRIAN HALL | 1 | 08/03/06 |
| Response to Demand for Production | Def. NORTH AMERICAN | Plaintiff, BRIAN HALL | 1 | 08/30/06 |
| Supplemental Response to Demand for Production | Def. NORTH AMERICAN | Plaintiff BRIAN HALL | 1 | 05/07/07 |
| Demand for Production | Plaintiffs | Def. NORTH AMERICAN | 2 | 08/21/06 |
| Response to Demand for Production | Plaintiffs | Def. NORTH AMERICAN | 2 | 09/28/06 |
| Demand for Entry Onto Property and to Inspect, etc., and Subpoena for inspection | Def. NORTH AMERICAN | Plaintiffs | 2 | 09/28/06 |
| Demand for Production | Plaintiffs | Def. NORTH AMERICAN | 3 | 10/03/06 |
| Response to Demand for Production | Plaintiffs | Def. NORTH AMERICAN | 3 | 11/01/06 |
| Demand for Production | Def. NORTH AMERICAN | Plaintiff BRIAN HALL | 2 | 10/06/06 |
| Response to Demand for Production | Def. NORTH AMERICAN | Plaintiff BRIAN HALL | 2 | 10/18/06 |
| Demand for Production | Third-Party Defs. AES MENDOTA, etc | Def. NORTH AMERICAN | 1 | 02/21/07 |
| Response to Demand for Production | Third-Party Defs. AES MENDOTA, etc. | Def. NORTH AMERICAN | 1 | 03/26/07 |
| Demand for Production | Third-Party Defs AES MENDOTA, etc. | Ptf. BRIAN HALL | 1 | 02/21/07 |

| | | | | |
|---|---|---|---|---|
| Response to Demand for Production | Third-Party Defs AES MENTODA, etc. | Ptf. BRIAN HALL | 1 | 0/02/07 |
| Demand for Production | Def. NORTH AMERICAN | Def. AES CORPORATION | 1 | 03/20/07 |
| Response to Demand for Production | Def. NORTH AMERICAN | Def. AES CORPORATION | 1 | 03/28/07 |
| Response to Demand for Production | Def. NORTH AMERICAN | Def. AES CORPORATION | 1 | 04/19/07 |
| Demand for Production | Def. NORTH AMERICAN | Def. AES CORPORATION | 1 | 04/19/07 |
| Response to Demand for Production | Def. NORTH AMERICAN | Def. THE AES CORPORATION | 2 | 05/08/07 |
| Demand for Production | Def. THE AES CORPORATION | Plaintiffs | 1 | 06/12/07 |
| Response to Demand for Production | Def. THE AES CORPORATION | Plaintiffs | 1 | 06/12/07 |
| Demand for Production | Defs. AES MENDOTA, etc | Third Party Plaintiff NORTH AMERICAN INDUSTRIAL SERVICES, INC. | 1 | 06/11/07 |
| Response to Demand for Production | Defs. AES MENDOTA, etc. | Third Party Plaintiff NORTH AMERICAN INDUSTRIAL SERVICES, INC. | 1 | 07/09/07 |
| Initial Disclosures | | | | |
| Plaintiffs' Initial Disclosures dated March 28, 2006. | | | | |
| Defendant North American Industrial Services, Inc.'s Initial Rule 26(a)(1) Disclosures dated April 25, 2006 | | | | |
| Plaintiffs' Supplemental Initial Disclosures dated March 8, 2007 | | | | |
| Plaintiffs' Second Supplemental Initial Disclosures dated April 3, 2007 | | | | |
| Defendants the AES CORPORATION and AES MENDOTA, L.P.'s Initial Rule 26(a)(1) Disclosures dated April 5, 2007 | | | | |

1

2                          **XII.   STIPULATIONS**

3      1.   None.

4                    **XIII.   AMENDMENTS - DISMISSALS**

5      1.   Defendants who are Does 1 through 100 are ORDERED

6  DISMISSED WITHOUT PREJUDICE.

7                  **XIV.   FURTHER TRIAL PREPARATION**

8  A.   <u>Trial Briefs.</u>

9      Counsel are directed to file a trial brief in this matter on

10 or before October 22, 2007.  Trial briefs need not contain

11 lengthy factual expositions and should focus on anticipated

12 evidentiary problems at trial and jury instruction issues.

13 B.   <u>Duty of Counsel To Pre-Mark Exhibits</u>.

14     1.   Counsel for the parties are ordered to meet and conduct

15 a joint exhibit conference on October 12, 2007, at 10:00 a.m. at

16 McCormick, Barstow, Sheppard, Wayte & Carruth, 5 River Park

17 Place, Fresno, California, for purposes of pre-marking and

18 examining each other's exhibits and preparing an exhibit list.

19 The parties are authorized to appear telephonically.  All joint

20 exhibits will be pre-marked JX1-JX200; all of the plaintiff's

21 exhibits will be pre-marked with numbers 201-450; all of

22 defendant and third-party plaintiff NAIS' exhibits will be pre-

23 marked with numbers 451-650; third party Defendant Thermendota,

24 AES Mendota L.P.'s exhibits will be pre-marked with numbers 651-

25 850.

26     2.   Each and every page of each and every exhibit shall be

27 individually Bates-stamped for identification purposes, and

28

                              **80**

paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . ..

3. Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

a. Two (2) sets to be delivered to the Courtroom Clerk no later than 4:00 p.m. on October 26, 2007, an original for the court and one for the witness.

b. One (1) set to be delivered to counsel for the opposing party and one (1) set to be available for counsel's own use.

4. Counsel are to confer to make the following determination as to each of the exhibits proposed to be introduced into evidence and prepare separate indexes, one listing joint exhibits, one listing each party's exhibits:

a. Joint exhibits, i.e., any document which both sides desire to introduce into evidence, will be marked as a joint exhibit (JX), and numbered JX1-___. Joint exhibits shall be listed as such in the exhibit list in a column that notes they are admitted into evidence without further foundation;

b. As to any exhibit, not a joint exhibit, to which there is no objection to its introduction into evidence, the exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's Exhibit ___ in evidence, and will be listed in the exhibit list as the exhibit of the offering party;

c. The exhibit list shall include columns for noting objections to exhibits. The first column will list any objections as to foundation; i.e., Plaintiff's Foundation 2 -

1  "not authenticated."

2      d.   The exhibit list shall include a second column for
3  noting substantive objections to exhibits based on any other
4  grounds; i.e., "hearsay, improper opinion, irrelevant."

5      e.   The exhibit list shall include a description of
6  each exhibit on the left-hand side of the page, and the three
7  columns outlined above (as shown in the example below).

8                        **Index of Exhibits**

9                        Admitted       Objection      Other
10 **Exhibit #    Description   In Evidence    To Foundation    Objection**
11

12     f.   The completed exhibit list shall be delivered to
13 the Courtroom Deputy Clerk on or before October 26, 2007, at 4:00
14 p.m., P.D.T.

15     g.   If originals of exhibits cannot be located, copies
16 may be used, however, the copies must be legible and accurate.
17 If any document is offered into evidence that is partially not
18 legible, the Court sua sponte will exclude it from evidence.
19 C.  Discovery Documents.

20     1.   Counsel shall file a list of discovery documents with
21 the Courtroom Deputy Clerk at the same time and date as the
22 witness and exhibit lists are lodged with the Courtroom Deputy
23 Clerk, unless the discovery documents are marked as exhibits,
24 which counsel intend to use at trial by designating by number,
25 the specific interrogatory, request for admission, or other
26 discovery document.  Counsel shall comply with the directions of
27 subsection XII (above) for introduction of the discovery document
28 into evidence.

1    D.    **Motions In Limine**.

2         1.    The motions in limine shall be filed by October 5,

3    2007, and any responses shall be filed by October 15, 2007.  The

4    Court will conduct a hearing on motions in limine in this matter

5    on October 19, 2007, at 12:00 p.m. in Courtroom 3, Seventh Floor,

6    before the Honorable Oliver W. Wanger United States District

7    Judge, at which time all evidentiary objections, to the extent

8    possible, will be ruled upon, and all other matters pertaining to

9    the conduct of the trial will be settled.

10   E.    **Trial Documents**.

11        1.    **Exhibits To Be Used With Witness**.  During the trial of

12   the case, it will be the obligation of counsel to provide

13   opposing counsel not less than forty-eight hours before the

14   witness is called to the witness stand, the name of the witness

15   who will be called to testify and to identify to the Court and

16   opposing counsel any exhibit which is to be introduced into

17   evidence through such witness that has not previously been

18   admitted by stipulation or court order or otherwise ruled upon,

19   and to identify all exhibits and other material that will be

20   referred to in questioning of each witness.  If evidentiary

21   problems are anticipated, the parties must notify the court at

22   least twenty-four hours before the evidence will be presented.

23   F.    **Counsel's Duty To Aid Court In Jury Voir Dire**.

24        1.    Counsel shall submit proposed voir dire questions, if

25   any, to the Courtroom Deputy Clerk on or before October 26, 2007,

26   at 4:00 p.m.  Counsel shall also prepare a joint "statement of

27   the case" which shall be a neutral statement, describing the

28   claims and defenses for prospective jurors, to be used in voir

83

1    dire.

2        2.   In order to aid the court in the proper voir dire

3    examination of the prospective jurors, counsel are directed to

4    lodge with the Court the day before trial a list of the

5    prospective witnesses they expect to call if different from the

6    list of witnesses contained in the Pre-Trial Order of the Court.

7    Such list shall not only contain the names of the witnesses, but

8    their business or home address to the extent known.  This does

9    not excuse any failure to list all witnesses in the Pre-Trial

10   Order.

11       3.   Counsel shall jointly submit, the day before trial, a

12   neutral statement of the claims and defenses of the parties for

13   use by the court in voir dire.

14   G.   Counsel's Duty To Prepare And Submit Jury Instructions.

15       1.   All proposed jury instructions shall be filed and

16   served on or before October 29, 2007, by 4:00 p.m.  Jury

17   instructions shall be submitted in the following format.

18       2.   Proposed jury instructions, including verdict forms,

19   shall be submitted via e-mail to dpell@caed.uscourts.gov

20   formatted in WordPerfect for Windows 10.  Counsel shall be

21   informed on all legal issues involved in the case.

22       3.   The parties are required to jointly submit one set of

23   agreed upon jury instructions.  To accomplish this, the parties

24   shall serve their proposed instructions upon the other fourteen

25   days prior to trial.  The parties shall then meet, confer, and

26   submit to the Court the Friday before the trial is to commence,

27   one complete set of agreed-upon jury instructions.

28       4.   If the parties cannot agree upon any instruction, they

shall submit a supplemental set of instructions designated as not agreed upon by October 29, 2007, at 4:00 p.m.

5.    Each party shall file with the jury instructions any objection to non-agreed upon instructions proposed by any other party.  All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety.  The objection should specifically set forth the objectionable matter in the proposed instruction and shall include a citation to legal authority explaining the grounds for the objection and why the instruction is improper.  A concise statement of argument concerning the instruction may be included.  Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

6.    **Format**.  The parties shall submit one copy of each instruction.  The copy shall indicate the party submitting the instruction, the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the test of the instruction, the legal authority supporting the instruction, and a legend in the lower lefthand corner of the instruction: "Given," "Given As Modified," "Withdrawn" and "Refused" showing the Court's action with regard to each instruction and an initial line for the judge's initial in the lower right-hand corner of the instruction.  Ninth Circuit Model Jury Instructions should be used where the subject of the instruction is covered by a model instruction.

7.    All instruction should be short, concise, understandable, and neutral statements of the law.  Argumentative or formula instructions will not be given, and should not be

1  submitted.

2      8.    Parties shall, by italics or underlining, designate any
3  modifications of instructions from statutory authority, or any
4  pattern instruction such as the Model Circuit Jury Instructions
5  or any other source of pattern instructions, and must
6  specifically state the modification made to the original form
7  instruction and the legal authority supporting the modification.

8      9.    Proposed verdict forms shall be jointly submitted or if
9  the verdict forms are unagreed upon, each party shall submit a
10  proposed verdict form.  Verdict forms shall be submitted on the
11  first day of the trial.

12      10.   Failure to comply with these rules concerning the
13  preparation and submission of instructions and verdict forms may
14  subject the non-complying party and/or its attorneys to
15  sanctions.

16              XV.   USE OF LAPTOP COMPUTERS/POWERPOINT FOR
17                       PRESENTATION OF EVIDENCE

18      1.    If counsel intends to use a laptop computer for
19  presentation of evidence, they shall contact the courtroom deputy
20  at least one week prior to trial.  The Courtroom Deputy Clerk
21  will arrange a time for any attorney to bring any laptop to be
22  presented to someone from the Court's Information Technology
23  Department, who will provide brief training on how the parties'
24  electronic equipment interacts with the court's audio/visual
25  equipment.  If counsel intend to use PowerPoint, the resolution
26  should be set no higher than 1024 x 768 when preparing the
27  presentation.

28  ///

1    **XVI.   FURTHER DISCOVERY OR MOTIONS**

2        1.    None by Plaintiffs other than Motions in Limine.

3        2.    The parties expect to submit several motions in limine

4    at such time as ordered by this Court in relation to discovery

5    disputes.

6    **XVII.   SETTLEMENT**

7        1.    There have been written settlement discussions between

8    the Plaintiffs and Defendant NAIS, Inc., that have been futile.

9    There is a Mediation scheduled for September 20, 2007.

10    **XVIII.   SEPARATE TRIAL OF ISSUES**

11        1.    AES Mendota L.P. reserves the right to request a

12    separate trial of issues.  This issue will be addressed by motion

13    in limine.

14    **XIX.   IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS**

15        1.    Plaintiffs do not request appointment by the court of

16    impartial expert witnesses. Plaintiffs do not seek to limit the

17    number of expert witnesses so long as other parties do not do so.

18        2.    The parties will file appropriate motions challenging

19    the testimony of various experts in this matter.

20    **XX.   ATTORNEYS' FEES**

21        1.    Not applicable.

22    **XXI.   ESTIMATE OF TRIAL TIME**

23        1.    16 days is estimated.  There are three sides to this

24    case.  The parties have agreed to an eight person jury.

25    Plaintiff shall have six peremptory challenges.  The NAIS

26    Defendants shall have four peremptory challenges.  AES Mendota

27    L.P. shall have four peremptory challenges.  Challenges shall be

28    exercised in seriatim.  A challenge not exercised is lost.

**87**

## XXII.   TRIAL DATE

1.   October 30, 2007, at 9:00 a.m., in Courtroom 3, Seventh Floor.

IT IS SO ORDERED.

Dated:    **September 27, 2007**                         **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE

88