**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRIAN N. HALL, et al.,** | **1:06-cv-00123 OWW SMS** |
| **Plaintiffs,** | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO WITHDRAW ADMISSION (DOC. 87.)** |
| **v.** | |
| **NORTH AMERICAN INDUSTRIAL SERVICES, INC., et al.,** | |
| **Defendants.** | |

## I.  INTRODUCTION

This case arises out of an industrial accident that occurred on September 20, 2005 at the AES Mendota plant located in Mendota, California.  AES Mendota L.P. ("AES MLP") operates a power production plant at this site that uses biomass fuels and a turbine generator system to create electricity.  Before the accident, AES MLP hired Defendant North American Industrial Services, Inc. ("NAIS"), a contractor specializing in blasting services, to conduct blasting operations for the purpose of unclogging one of the cyclones on the power plant premises that had become clogged with "slag."  As a result of the explosive de-slagging, fires broke out that caused severe burns and other injuries to Plaintiff Brian N. Hall ("Hall"), who was employed at

1  the AES MLP plant.  Hall received workers' compensation benefits

2  following the workplace accident.  On February 3, 2006, Plaintiff

3  Brian Hall and his wife, Plaintiff Jean Hall, filed a complaint

4  against NAIS alleging causes of action for strict liability-

5  ultrahazardous activity, negligence, and loss of consortium.

6  (Doc. 1.)

7      On January 16, 2007, NAIS filed a third party complaint

8  against AES MLP and the AES Corporation, a New York corporation

9  that is the parent corporation of AES MLP, asserting claims for

10 indemnity, declaratory relief, and negligence on the grounds that

11 AES MLP and AES Corporation agreed to assume all risk from the

12 blasting and that any injury to Plaintiff Brian Hall was caused

13 by their negligence.  (Doc. 32.)  On July 30, 2007, Third Party

14 Defendants AES MLP and AES Corporation filed a summary judgment

15 motion against NAIS as to its Third Party Complaint on the

16 following grounds: 1) as Hall's employer, California Labor Code

17 sections 3600 et seq. and 3864 precluded suit by third party NAIS

18 for contribution or indemnity against AES MLP, absent an express

19 written indemnity agreement, under the exclusive remedy doctrine,

20 which shields employers from tort liability for workplace

21 injuries, and 2) as the parent corporation of AES MLP, AES

22 Corporation neither owed nor assumed any duty to the employees of

23 its subsidiary AES MLP.  Summary judgment was granted in favor of

24 the Third Party Defendants on October 11, 2007.  (Doc. 130.)

25     Before the court for decision is Plaintiffs' motion for

26 leave to withdraw an admission made in response to requests for

27 admission propounded by Defendant NAIS concerning the identity of

28 Hall's employer.  Thermendota, Inc. is the 60 percent general

2

1  partner of AES MLP, which is a limited partnership.  NAIS argued

2  in opposition to the Third Party Defendants' motion for summary

3  judgment that Thermendota was Hall's employer, not AES MLP, and

4  thus AES MLP was properly joined as a third party defendant.

5  (Doc. 77.)  For support, NAIS pointed to Plaintiff's Response to

6  Request for Admissions, particularly Hall's admission that

7  Thermendota was his employer.  (Doc. 78, NAIS's Ex. B.)  At the

8  summary judgment hearing held on September 17, 2007, Plaintiff's

9  counsel argued that Hall gave deposition testimony on more than

10  one occasion in which he identified AES MLP as his employer and

11  believes the attorney's "admission" in Plaintiff's Response to

12  Request for Admissions was an error, although the response was

13  verified by Mr. Hall.

14      Plaintiff then moved for Leave to Withdraw Admission on

15  September 18, 2007, one day after the hearing, to be relieved of

16  the effect of Hall's admission that Thermendota was his employer.

17  (Doc. 87.)  Plaintiff's counsel explains that he alone drafted

18  the Request for Admission response at issue and made the

19  decision, which he now believes was an error, to admit that

20  Thermendota was Hall's employer based on the fact that

21  Thermendota issued Hall's paychecks and W-2s.  Counsel did not

22  consult Hall in doing so and knew at the time that Hall had

23  identified his employer as AES MLP.  At the time of the

24  admission, no third party complaint had been filed in the case.

25  In the parties' Joint Statement Re: Discovery Disagreement, NAIS

26  opposed the motion to withdraw, arguing it was untimely and

27  prejudicial to NAIS.  (Doc. 142.)  However, at oral argument on

28  the motion for leave on October 22, 2007, NAIS withdrew its

3

1  **opposition.**

2

3                    **II.  FACTUAL AND PROCEDURAL BACKGROUND.**

4  **A.    The Workplace Accident.**

5       **On September 20, 2005, Brian Hall suffered an industrial**

6  **accident at his worksite, the AES MLP plant.  (Doc. 66, Third**

7  **Party Defendants' Statement of Undisputed Material Facts**

8  **("TSUMF") #9.)  AES MLP operates a power production plant in**

9  **Mendota, California that uses biomass fuels and a turbine**

10 **generator system to create electricity.  AES MLP hired NAIS to**

11 **conduct blasting operations to unplug two cyclones located at the**

12 **power plant that had become clogged with slag.  (TSUMF #17.)  On**

13 **September 20, 2005, a fire started during blasting operations and**

14 **Plaintiff Brian Hall was allegedly injured while helping to put**

15 **the fire out.**

16      **Of central concern is the issue of who is responsible for**

17 **the September 20, 2005 fire at the plant and Plaintiff's**

18 **resulting injuries.  Plaintiffs contend that NAIS's activities at**

19 **the plant caused Hall's injuries and assert causes of action for**

20 **strict liability - ultrahazardous activity and negligence,**

21 **including negligence per se.  Defendant NAIS contends that it was**

22 **responsible only for setting the blasting explosives and that AES**

23 **MLP and AES Corporation were responsible for providing safety**

24 **measures, including preventing and containing any fires that**

25 **might result from the blasting, and for safe maintenance of the**

26 **plant's premises.  In its Third Party Complaint, NAIS had**

27 **asserted that, if Plaintiffs succeeded in their suit and obtained**

28 **a judgment against NAIS, NAIS was entitled to indemnity or**

                                  **4**

1  **partial indemnity from AES MLP and AES Corporation, arguing that**

2  **they were not employers, based on comparative fault and**

3  **contribution principles. (Doc. 32.)   (Granting summary judgment**

4  **in favor of the Third Party Defendants, the summary judgment**

5  **order dismissed AES MLP and AES Corporation from the suit.)**

6  **(Doc. 130.)   While NAIS no longer maintains an indemnity or**

7  **contribution claim against AES MLP or AES Corporation, it still**

8  **asserts comparative fault on their part as a partial defense to**

9  **Plaintiff's claims as well as against Plaintiff for comparative**

10  **fault.**

11  **B.   Procedural History.**

12  **     This suit was filed February 3, 2006, by Plaintiff Brian**

13  **Hall and his wife, Plaintiff Jean Hall.   (Doc. 1.)   In its**

14  **answer, NAIS asserted various affirmative defenses, including**

15  **comparative fault, offset of any recovery against it of workers'**

16  **compensation benefits paid to Hall because of Plaintiff's**

17  **concurring negligence, and that the exclusive remedy provision of**

18  **the California workers' compensation laws bar any tort remedy**

19  **against it because it was on the premises at the request of**

20  **Hall's employer, which directly supervised NAIS's blasting**

21  **activities.   (Doc. 9.)**

22  **     On January 16, 2007, NAIS filed a Third Party Complaint**

23  **against AES MLP and the AES Corporation, the parent corporation**

24  **of AES MLP, asserting claims for indemnity, declaratory relief,**

25  **and negligence.   (Doc. 32.)   On March 16, 2007, Plaintiffs Brian**

26  **and Jean Hall filed a First Amended Complaint, naming the AES**

27  **Corporation as an additional defendant, asserting claims for**

28  **premises liability and declaratory relief arising out of Hall's**

**5**

1   injuries sustained September 20, 2005 at the AES MLP plant.

2   (Doc. 41.)

3        On July 30, 2007, Third Party Defendants filed a motion for

4   summary judgment against Defendant and Third Party Plaintiff

5   NAIS, premised partially on AES MLP's contentions that as Hall's

6   employer, it was not a proper party to suit under sections 3602

7   and 3684 of the California Labor Code.   (Doc. 66.)   Summary

8   judgment was granted in favor of Third Party Defendants on

9   October 11, 2007, dismissing AES MLP and AES Corporation from the

10  case.   (Doc. 130.)

11       Plaintiffs filed their Motion for Leave to Withdraw

12  Admission on September 18, 2007.   (Doc. 87.)   Plaintiffs and NAIS

13  filed a Joint Statement Re: Discovery Disagreement on October 16,

14  2007.   (Doc. 142.)

15  C.   **Evidence Presented in Summary Judgment Briefing on the**

16       **Question of Hall's Employer**.

17       The parties presented evidence on the question of Hall's

18  employer in their summary judgment briefing.

19       Brian Hall was injured at his workplace, the AES MLP plant.
         (TSUMF #9.)   He occupied the position of Fuel Yard and
20       Safety Team Leader at the plant.   (TSUMF #4; Third Party
         Defendants' ("TPD") Ex. C, Hall Depo. at 49.)   AES MLP
21       employed David Righthouse as its plant manager at the time
         of the accident.   (TSUMF #10.)   At oral argument, all
22       parties agreed that AES MLP owns the plant and the real
         property on which it is situated.   They further agreed that
23       AES MLP was a limited partnership owned 60 percent by its
         general partner, Thermendota, Inc., and other limited
24       partners, who collectively own the remaining 40 percent
         interest.   AES MLP is a direct subsidiary of Thermendota,
25       Inc.

26       Plaintiff Brian Hall testified that he interviewed with and
         was hired for his position at the AES MLP plant by plant
27       manager David Righthouse.   (TSUMF #11.)   Hall reported
         directly to David Righthouse, Hall's immediate supervisor,
28       during the time he worked at the AES MLP plant.   (TSUMF ##

6

13 & 16.) Righthouse testified that he interviewed and hired Brian Hall and that Hall reported directly to him. (TSUMF ## 11 & 13.) After Hall's interview, Righthouse wrote Hall an employment offer letter on AES MLP letterhead, which Hall signed to accept the offer of employment. (TSUMF #12; TPD Ex. D, Offer Letter; TPD Ex. F, Hall Depo. at 25-26.) The letter references AES Mendota six times and advises "[t]his offer of employment is contingent upon a satisfactory employment physical...." (TPD Ex. D.) It also notifies Hall of the at-will nature of the position, stating "[a]s with all our staff, employment at AES Mendota is at-will and may be terminated, with or without cause, at any time by you or by the Company." (*Id.*)

Righthouse had the authority to hire and fire Hall. (TSUMF #14; TPD Ex. F, Hall Depo. at 37.) Righthouse also controlled Brian Hall's day to day work at the plant. (TSUMF #15; TPD Ex. F, Hall Depo. at 38.)

NAIS does not dispute any of these facts. Rather, it presents other evidence to support its contention that Thermendota was Hall's employer. NAIS points out that Hall admitted Thermendota was his employer in Plaintiff's Response to Request for Admissions. (NAIS's Ex. B.) At oral argument, Plaintiff's counsel explained that Hall gave deposition testimony on more than one occasion in which he identified AES MLP as his employer and believes the "admission" in Plaintiff's Response to Request for Admissions was an error. In deposition testimony on October 20, 2006, when asked "Now, who did you go to work for?" Hall answered "AES Mendota." (NAIS Ex. D, Hall Depo. at 23.) On April 26, 2007, Hall testified the position he interviewed for with Righthouse was at the AES Mendota plant. (NAIS Ex. K, Hall Depo. at 16.) On September 18, Plaintiff filed a Motion for Leave to Withdraw Admission. (Doc. 87.)

NAIS points to the fact that Hall's paychecks and W-2s were issued by Thermendota. (NAIS's Undisputed Material Facts ("NAUMF") ## 2-4; NAIS Exs. B and C.) It also refers to an invoice and accompanying check for repair services it says were performed at the AES MLP plant, billed to AES MLP, and paid by Thermendota to the vendor. (NAUMF #8; NAIS Ex. F.) Finally, NAIS points to testimony from Hall and two other plant employees who testified they were unclear about Thermendota's role, all of which allegedly evidences a factual dispute about Thermendota's status as an employer. (NAIS Ex. D, Hall Depo. at 24-25; Ex. L, Hibler Depo. at 30; Ex. M, Holbrook Depo. at 15-16.)

AES MLP disputes the legal significance of any confusion the plant employees had about Thermendota's role. It offers Hall's additional testimony that no one ever told him he was employed by Thermendota and he never met or knew anyone who was employed by Thermendota. (TPD Ex. F, Hall Depo. at 28-29.)

1

**(Doc. 130, Order at 5-7.)**

2

3

### III.  <u>LEGAL FRAMEWORK AND DISCUSSION</u>.

4

**Federal Rule of Civil Procedure 36(b) provides that any**

5

**matter admitted in response to a request for admission is**

6

**"conclusively established" unless the court permits withdrawal or**

7

**amendment of the admission.  Two requirements must be met before**

8

**an admission may be withdrawn: 1) presentation of the merits of**

9

**the action must be subserved, and 2) the party who obtained the**

10

**admission must not be prejudiced by the withdrawal.  *Sonoda v.***

11

***Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001).  Rule 36(b) is**

12

**permissive, not mandatory.  *Conlon v. United States*, 474 F.3d**

13

**616, 621 (9th Cir. 2007).  The party who obtained the admission**

14

**has the burden of proving that allowing the withdrawal of the**

15

**admission would prejudice its case.  *Hadley v. United States*, 45**

16

**F.3d 1345, 1348 (9th Cir. 1995).**

17

**The first prong of this test "essentially asks if allowing**

18

**the withdrawal will aid in the resolution of the case."  *Gallegos***

19

***v. City of L.A.*, 308 F.3d 987, 993 (9th Cir. 2002).  In this case**

20

**it does.  The October 11 summary judgment order dismissed the**

21

**third party defendants from the case, in part because AES MLP was**

22

**found to be Hall's sole employer, precluding suit against the**

23

**employer under the exclusive remedy doctrine.  Cal. Lab. Code, §§**

24

**3602 and 3864.  While NAIS no longer opposes this motion for**

25

**leave to withdraw Plaintiff's admission, in the Joint Statement**

26

**re: Discovery Disagreement it reasserted its argument that**

27

**Thermendota was Hall's employer and cited the same evidence it**

28

**8**

1    advanced in opposing AES MLP's and AES Corporation's summary

2    judgment motion.   NAIS argued that Hall never testified during

3    his deposition that AES MLP was his employer and pointed to the

4    fact that Thermendota, Inc. issued Hall's paycheck and W-2s.

5    NAIS also pointed to evidence it claims shows that Hall was

6    confused about the distinction between AES MLP and AES

7    Corporation, along with Hall's application to the Workers'

8    Compensation Appeals Board in which AES Corporation is listed as

9    Hall's employer.   But it has already been determined that

10   "[t]here is a total absence of evidence that Thermendota had any

11   'right of control' over Hall or any participation in AES MLP's

12   operation of the Mendota plant.   The undisputed evidence

13   overwhelmingly establishes that AES MLP is Hall's sole employer."

14   (Doc. 130, Order at 44.)   The summary judgment analysis

15   established this conclusion:

16

17        AES MLP argues that the undisputed evidence establishes AES
          MLP had the right to control Brian Hall's work and was
          Hall's employer.   It asserts that Brian Hall worked at the
18        AES MLP plant, which was owned by AES MLP, and was directed
          in his day-to-day work by the AES MLP plant manager, David
19        Righthouse.   It is undisputed that Righthouse was employed
          by AES MLP.   AES MLP argues that every aspect of Hall's
20        employment, from his hiring to his receipt of workers'
          compensation payments, with the exception of wage payment,
21        was directed by AES MLP, not Thermendota.   AES MLP offers
          undisputed deposition testimony establishing that plant
22        manager David Righthouse interviewed and hired Hall and
          authored the employment offer letter Hall received and
23        signed, which was written on AES MLP letterhead.   In
          unchallenged testimony, Hall and Righthouse establish that
24        Hall reported directly to Righthouse, Hall's immediate
          supervisor.   AES MLP argues that Righthouse had the
25        authority to hire and fire Hall and controlled the day to
          day operations of Brian Hall's work, as well as plant
26        operations.

27        NAIS concedes all these facts, but points to Hall's
          admission in the Plaintiff's Response to RFAs dated October
28        19, 2006, that Thermendota was his employer; that

9

Thermendota issued his paychecks; and that his W-2 forms for the years 2004 and 2005 were issued by Thermendota.  NAIS describes an invoice and accompanying check paid by Thermendota, which it maintains was issued for an expense at the AES MLP plant.  NAIS cites Hall's testimony that he was not clear about Thermendota's role.  Other AES MLP employees, including Doyle Hibler (former AES Delano plant manager) and Mark Holbrook (former AES MLP plant manager) were also uncertain about Thermendota's role at the AES MLP plant.

To be relieved of the effect of Hall's admission that Thermendota was his employer, Plaintiffs filed a Motion for Leave to Withdraw Admission on September 18, 2007, one day after the hearing.  Plaintiff's counsel stated in oral argument that Hall now believes this admission was an error and that Thermendota is not his employer.  Counsel explained that Plaintiff's response was given before NAIS filed its Third Party Complaint joining AES Corporation and AES MLP as parties to this suit.  Moreover, in his deposition testimony on October 20, 2006, Hall stated that AES MLP is his employer:

> Q: ...Now who do you go to work for?
> A: AES Mendota.
> Q: And that's who you understood you were going to work for, is that right, AES Mendota?
> A: Yes.

(NAIS Ex. D, Hall Depo. at 23:16-20).

In his deposition testimony, Hall never identified Thermendota as his employer; rather, he testified he did not have any understanding of what Thermendota did, no one ever told him Thermendota was his employer, and he never met or knew anyone who worked for Thermendota.  (NAIS Ex. D, Hall Depo at 25; TPD Ex. F, Hall Depo. at 28-29.)

Hall's employment offer letter is also informative.  In addition to being issued on AES MLP letterhead, it refers to "AES Mendota" six times, stating at the outset "AES Mendota is very pleased with the results of your past interview...." (TPD Ex. D.)  The letter also refers more than once to the position Hall is offered as one of "employment with AES Mendota":

> [t]his <u>offer of employment</u> is contingent upon a satisfactory employment physical, which can be scheduled by you at a date and location convenient to you. As with all our staff, <u>employment at AES Mendota</u> is at-will and may be terminated, with or without cause, at any time by you or by the Company.

(*Id.*)  Righthouse wrote, he "look[s] forward to welcoming you as a member of AES Mendota L.P." in closing the

10

1   correspondence.   (*Id*.)

2   NAIS never alleges or provides any evidence that any officer
    or employee of Thermendota had the right to control Hall and
3   leaves unchallenged AES MLP's assertion that AES MLP plant
    manager Righthouse controlled Hall's day to day operations.
4   It concedes that Righthouse was Hall's supervisor, that Hall
    directly reported to Righthouse, and that Righthouse
5   interviewed and hired him, wrote Hall's employment offer on
    AES MLP letterhead, and had the authority to hire and fire
6   him.   NAIS provides no evidence of direction from or
    activity by any Thermendota officer or employee pertaining
7   to operation of the Mendota plant.

8   NAIS cites that Hall's paychecks and W-2s were issued by
    Thermendota.   This does not negate facts that AES MLP
9   managers supervised Hall's daily activities and Righthouse's
    authority to discharge Hall.   Wage payment by the corporate
10  general partner of a limited partnership employer is not
    sufficient to establish an employment relationship.   It is
11  only one factor for "consideration in the overall view of
    the employment question."   *Brietigam v. Indus. Accident*
12  *Comm.*, 37 Cal.2d 849, 854 (1951).   Even assuming arguendo
    that Hall and other plant employees were confused about
13  Thermendota's role does not establish that Thermendota had a
    right of or ever exercised any control over Hall, nor does
14  it rebut the existence of and exercise by AES MLP of its
    right of control over Hall and the Mendota plant.   The
15  uncertainty only corroborates AES MLP's employees' lack of
    understanding and information about Thermendota's role in
16  AES MLP operations.   This supports the inference that
    Thermendota's presence and participation in Mendota were so
17  insignificant that Thermendota played no role in the control
    of Hall's duties and performance in the workplace.   Finally,
18  one invoice paid by Thermendota for an expense at the AES
    MLP plant is insignificant and insufficient to establish
19  control or an employer-employee relationship.

20  The law is well-established that the right of control is the
    "primary factor" in establishing the existence of an
21  employment relationship.   In over 30 depositions, NAIS has
    been unable to find even one Thermendota officer or employee
22  who ever interacted with Hall, let alone who exercised
    authority or control over him.   No evidence has been
23  presented that anyone from Thermendota identified as a
    Thermendota employee was ever present at the AES MLP plant
24  or participated in any decisions regarding Hall's work,
    activities, or AES MLP's operations.   Righthouse's authority
25  to discharge Hall is "strong evidence in support of an
    employment relationship."   *Tieberg*, 2 Cal.3d at 949.   The
26  best evidence NAIS proffers to support its argument, wage
    payments to Hall by Thermendota, is only a secondary factor,
27  and is inconsequential when considered in light of AES MLP's
    explanation that as general partner, Thermendota handled
28  salary payments and withholding for the limited

11

1
2
3
4
5

> partnership's employees.  When considered with the fact that NAIS does not have evidence to challenge any part of the Righthouse-Hall relationship, the minimal evidence NAIS presents as to Thermendota does not raise a disputed issue of material fact that Thermendota had an employment relationship with Hall.  There is a total absence of evidence that Thermendota had any "right of control" or control over Hall.  The undisputed evidence overwhelmingly establishes that AES MLP is Hall's sole employer.

6
7
8

> Summary judgment shall be GRANTED for AES MLP against NAIS because, as a matter of law, AES MLP is Hall's sole employer.  AES MLP cannot be sued by NAIS for indemnity or contribution as the sole employer that provided workers' compensation benefits to its injured employee, Brian Hall.

9
10

(Doc. 130, Order at 40-44; footnote omitted.)

11
12

Allowing Plaintiffs' admission that Thermendota is Hall's

13

employer to stand confuses the state of the record and the

14

decision that AES MLP was Hall's sole employer.  If NAIS were to

15

introduce this evidence at trial, the jury would be needlessly

16

distracted by an irrelevant issue that has already been

17

determined as a matter of law.  Withdrawal of the admission thus

subserves the presentation of the merits in this action.

18

In addressing the second prong of the Rule 36(b) test, the

19

prejudice contemplated "relates to the difficulty a party may

20

face in proving its case...because of the sudden need to obtain

21

evidence with respect to the questions previously deemed

22

admitted."  *Conlon*, 474 F.3d at 622.  NAIS argued in the briefing

23

paper that this motion is untimely, as all non-dispositive

24

motions in this case were to be filed no later than August 15.

25

NAIS asserted that, in allowing it to rely on this admission

26

since October 2006 and moving to withdraw so close to the trial

27

start date of October 30, 2007, Plaintiff's actions have

28

prejudiced NAIS and would substantially change its defense.

1   As NAIS already conceded at oral argument, this is not the

2   case in light of the summary judgment order entered on October

3   11.  AES MLP was dismissed from this case because of its status

4   as Hall's employer, which was determined as a matter of law.  The

5   withdrawal of the admission will not create a "sudden need to

6   obtain evidence" because the identity of Hall's employer is

7   established as a matter of law and the withdrawal will not affect

8   NAIS's defense of comparative fault on the part of AES MLP or any

9   potentially responsible third party.  Withdrawal does not

10  prejudice NAIS as there is no relevant evidence to present as to

11  Thermendota.

12

13                      IV.  CONCLUSION.

14      For all the reasons stated above, Plaintiffs' Motion for

15  Leave to Withdraw Admission is GRANTED.

16

17  IT IS SO ORDERED.

18  Dated:    November 7, 2007            /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28