**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN N. HALL and JEAN M. HALL, ) | 1:06-cv-0123 OWW SMS |
| ) | |
| Plaintiffs, ) | JUDGMENT ON VERDICTS OF |
| ) | TRIAL JURY AND DISPOSING OF |
| v. ) | ALL CLAIMS OF ALL PARTIES |
| ) | |
| NORTH AMERICAN INDUSTRIAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case, brought by Plaintiffs, Brian N. Hall and Jean Hall against Defendant North American Industrial Services, Inc. ("NAIS"), came on regularly for jury trial on October 30, 2007, in Courtroom 3 of the above-entitled court, before United States District Judge Oliver W. Wanger. A jury of eight persons was duly empaneled and sworn. Witnesses were called, sworn and testified. After hearing the evidence, the jury was duly instructed on the law by the Court. After arguments of counsel, the case was submitted to the jury. The jury deliberated commencing November 20, 2007, and returned its Verdicts of Trial Jury which Verdicts were in words and figures as follows:

We, the jury in the above-entitled case, answer the

1

questions submitted to us as follows:

Question 1:  Was NAIS negligent?

           Yes__X__              No_____

If you answered Question 1 "yes," answer Question 2.  If you answered Question 1 "no," do not answer Question 2, instead, answer Question 3.

Question 2:  Was the negligence of NAIS a cause of Brian Hall's harm?

           Yes__X__              No_____

Answer Question 3.

Question 3:  Was NAIS engaged in explosive deslagging?

           Yes__X__              No_____

If you answered Question 3 yes, answer Question 4.  If you answered Questions 1 and 2 "yes," and Question 3 "no," answer Question 7, or if you answered Questions 1 or 2 and 3 "no," answer no further questions.  Sign, date and return this verdict.

Question 4:  Was Brian N. Hall harmed?

           Yes__X__              No_____

If you answered Question 4 "yes," answer Question 5.  If you answered Questions 1 and 4 "no," or 2 and 4 "no," answer no further Questions.  Sign, date and return this verdict.

Question 5:  Was Brian N. Hall's harm the kind of harm that would be anticipated as a result of the risk created by explosive deslagging?

           Yes__X__              No_____

If you answered Question 5 "yes," answer Question 6.  If you answered Questions 1 and 5 "no," or 2 and 5 "no," sign, date and return this verdict.

1    Question 6:  Was the explosive deslagging by NAIS a cause of
2 Brian N. Hall's harm?
3           Yes__X__              No_____
4    If your answer to Question 6 or your answer to Questions 1
5 and 2 is "yes," then answer Question 7.  If you answered "no," to
6 Questions 1 or 2 and 3, 4, 5, or 6, sign, date and return this
7 verdict.
8    Question 7:  What are Brian N. Hall's total damages?  Do not
9 reduce the damages based on the fault, if any, of Brian N. Hall
10 or anyone else.
11    a.   Past economic loss including:
12         Lost Earnings                    $   200,913.00
13         Medical expenses                 $ 2,841,045.20
14    b.   Future economic loss, including:
15         Lost earnings                    $ 1,987,209.00
16         Medical expenses                 $ 2,235,579.00
17    c.   Past non-economic loss,
18         including physical pain
19         and mental suffering             $15,000,000.00
20    d.   Future non-economic loss,
21         including physical pain and
22         mental suffering                 $ 5,000,000.00
23    If Brian Hall has proved any damages, answer Question 8.  If
24 Brian Hall has not proved any damages, answer no further
25 questions and sign, date and return this verdict.
26    Question 8:  Was Brian Hall negligent?
27           Yes__X__              No_____
28    If your answer to Question 8 is "yes," answer Question 9.

3

1  If your answer to Question 8 is "no," answer Question 10.
2      Question 9:  Was Brian Hall's negligence a cause of his
3  harm?
4              Yes  X            No_____
5      Answer Question 10.
6      Question 10:  Was AES Mendota negligent?
7              Yes  X            No_____
8      If your answer to Question 10 is "yes," answer Question 11.
9  If your answer to Question 10 is "no," answer Question 12.
10     Question 11:  Was AES Mendota's negligence a cause of Brian
11 Hall's harm?
12             Yes  X            No_____
13     Answer Question 12.
14     Question 12:  What percentage of responsibility for Brian
15 Hall's harm do you assign to the following:
16       NAIS                     75   %
17       AES Mendota              20   %
18       Brian Hall                5   %
19       Gotaverken                0   %
20       TOTAL                   100   %
21     Answer Question 13.
22     Question 13:  Did Jean M. Hall suffer harm for loss of her
23 husband's love, companionship, comfort, care, assistance,
24 protection, affection, society and moral support that was caused
25 by fault of NAIS?
26             Yes  X            No_____
27     If you answered Question 13 "yes," answer Question 14.  If
28 you answered Question 13 "no," sign and return this verdict.

4

1     Question 14:  What is the amount of any damages suffered by
2  Jean Hall?
3                       $   250,000.00
4     Sign, date and return this verdict form.
5     Our answers to each of the questions on this verdict form
6  are unanimous.
7  DATED:  November 26, 2007.

                                  /s/    Margaret Head
                                         Foreperson

10    Following the reading of the verdict, the jury was polled.
11 Each of the eight jurors confirmed that every answer and every
12 finding on the verdict form was her or his true verdict.
13    The parties have stipulated that the total amount of
14 workers' compensation benefits received by Plaintiff, Brian N.
15 Hall, to the date of trial included medical bills actually paid
16 in the sum of $1,143,117, including temporary disability actually
17 paid in the sum of $95,378.

## JUDGMENT

   ORDERED, ADJUDGED AND DECREED by reason of the Verdicts of
Trial Jury, the above-named Plaintiffs, Brian N. Hall and Jean M.
Hall, are entitled to judgment against Defendant NAIS and
judgment shall be entered in favor of Plaintiffs against
Defendant NAIS in the amounts set forth below:
   Brian L. Hall shall recover damages against NAIS as follows:

        Past Wage Loss
        (reduced by 5%)                     $   190,867.00

        Past Medical Bills
        (actual by stipulation)             $ 1,085,961.00

5

| | |
|---|---|
| **Future Wage Loss (reduced by 5%)** | **$ 1,887,848.00** |
| **Future Medical Bills (reduced by 5%)** | **$ 2,123,800.00** |
| **Subtotal** | **$ 5,288,476.00** |
| **Less offset for workers' compensation benefits of 21.7736% (calculated by total economic damages as a percent of total damages)** | **$   269,664.94** |
| **Subtotal** | **$ 5,018,811.06** |
| **Past Non-Economic Damages (reduced to 75%)** | **$11,250,000.00** |
| **Future Non-Economic Damages (reduced to 75%)** | **$ 3,750,000.00** |
| **Total Award** | <u>**$20,018,811.00**</u> |

Judgment is entered in favor of Plaintiff Brian N. Hall for damages against Defendant, NAIS, in the amount of $20,018,811.00. The judgment shall bear interest at the Federal rate provided by law commencing from the date of entry of this Judgment in the amount of 3.3% until said Judgment is paid in full.

Judgment is entered in favor of Plaintiff, Jean M. Hall, for damages from Defendant, NAIS, in the amount of $187,500.00.  The Judgment shall bear interest at the Federal rate provided by law commencing from the date of entry of this Judgment in the amount of 3.3% until said Judgment is paid in full.

Plaintiffs, Brian N. Hall and Jean M. Hall, shall recover their costs of suit against NAIS.

The following Judgments are entered in favor of the following parties in related cross-actions, pursuant to voluntary dismissals and orders of the Court determining Motions for Summary Judgment:  AES Corporation has been voluntarily dismissed

by Plaintiffs and judgment shall be entered in favor of AES Corporation and against Brian N. Hall and Jean M. Hall, each such party to bear his, her, or its own costs.

Judgment shall be entered in favor of third party Defendant, AES Corporation, against Defendant and third party Plaintiff, NAIS, pursuant to Order for Summary Judgment dated October 11, 2007, on the third party complaint of NAIS.

Judgment shall be entered in favor of third party Defendant, AES Mendota LP, against third party Plaintiff, NAIS, on the cross-claim of NAIS, pursuant to Order for Summary Judgment dated October 11, 2007.

NAIS voluntarily dismissed Mendota Biomass Power Ltd., and judgment shall be entered in favor of Mendota Biomass Power Ltd., against NAIS, each such party to bear its own costs.

Cross-Defendant AES Corporation shall recover its costs of suit against NAIS on the NAIS's third party complaint.

Cross-Defendant AES Mendota LP shall recover its costs of suit against NAIS on NAIS's third party complaint.

The parties have stipulated that the effect of this Judgment shall be stayed for seven days following the date of service by the Clerk of Court.

IT IS SO ORDERED.

Dated:   December 11, 2007                /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE